■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN GENDRON, Appellant.—Adjudication insofar as it imposes sentence unanimously reversed, sentence vacated and matter remitted to County Court, Onondaga County, for further proceedings in accordance with the following memorandum: With commendable candor in this case, the District Attorney acknowledges that the sentencing court should have permitted defendant to withdraw his guilty plea. The record demonstrates that defendant's plea of guilty of burglary in the third degree was entered upon the understanding that he would be adjudicated a youthful offender and would be placed on probation. Without affording defendant an opportunity to withdraw his guilty plea, the court declined at sentencing fully to adhere to its agreement. Defendant was adjudicated a youthful offender and was sentenced to an indeterminate term of imprisonment with a maximum of four years. Before imposing a harsher sentence than that agreed upon, the sentencing court was required to afford the defendant an opportunity to withdraw his

guilty plea *(People v Selikoff,* 35 NY2d 227, 241, cert den 419 US 1122). On remand, the court may either impose the agreed sentence or offer the defendant an opportunity to withdraw his plea. As we wrote in *People v Jones* (70 AD2d 1054, 1055): "If the court declines to adhere to the original sentence agreement and offers defendant an opportunity to withdraw his guilty plea, the court will no longer be bound by its original agreement of sentence. If defendant is then convicted after trial or on a new plea of guilty, the court may proceed to impose the sentence which it deems appropriate". (Appeal from adjudication of Onondaga County Court—youthful offender.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.