■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN BATTAGLIA, Appellant.—Judgment insofar as it imposes sentence unanimously reversed, sentence vacated and matter remitted to Erie County Court for further proceedings (see *People v Gendron*, 71 AD2d 1050; *People v Jones*, 70 AD2d 1054). (Appeal from judgment of Erie County Court—grand larceny, third degree.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.

■ RICHARD H. ROBERTS, Respondent, v RYAN HOMES, INC., Appellant. (Appeal No. 1.)—Order unanimously reversed, without costs, and motion denied. Memorandum: This action arises out of a building contract entered into between plaintiff and defendant in 1966. Plaintiff commenced suit on the contract in 1971. A note of issue was filed in 1976 and later the case was put on the general docket for Monroe County in August, 1977. A motion to restore this case to the General Calendar was made and granted in June, 1978. However, since no order was entered restoring the case it was deemed abandoned in August, 1978, one year after it had been placed on the general docket and subject to automatic dismissal pursuant to CPLR 3404. An entry of dismissal was made by the clerk of the court in September, 1978. In May, 1979, plaintiff moved to amend his claim by increasing the *ad damnum* clause from $10,000 to $50,000 as damages for the breach of contract in the landscaping and construction of his frame dwelling. This motion was granted at Special Term. In August, 1979 plaintiff filed a note of issue and a statement of readiness which defendant moved to vacate. This motion was denied. It is from the granting of the first motion and the denial of the second motion that defendant appeals. Under the rules of this department a case on the general docket is "deemed abandoned and shall be dismissed * * * unless an order of restoration * * * is filed with the calendar clerk within one year of the placement of the case on the general docket" (22 NYCRR 1024.13 [b]). In view of the fact that plaintiff made no motion to vacate the automatic dismissal of the case, no action was pending upon which Special Term could exercise its discretion to increase the *ad damnum* clause. For the same reason the motion to strike the note of issue and statement of readiness should have been granted as such papers may not be filed unless and until the CPLR 3404 dismissal is vacated *(Campbell v Puntoro*, 36 AD2d 568, 569). (Appeal from order of Monroe Supreme Court— *ad damnum* clause.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.

■ RICHARD H. ROBERTS, Respondent, v RYAN HOMES, INC., Appellant. (Appeal No. 2.)—Order unanimously reversed, without costs, and motion granted. Same memorandum as in *Roberts v Ryan Homes* (78 AD2d 584). (Appeal from order of Monroe Supreme Court—note of issue.) Present— Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.

■ ENNIO SCAMURRA et al., Respondents, v ANTHONY CIANCONE et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: Special Term denied plaintiffs' motion to modify defendants' demand for a bill of particulars by striking therefrom certain items but as a matter of discretion granted the alternative relief requested, i.e., that plaintiffs be permitted to obtain inspection and discovery prior to service of their bill. In their complaint, plaintiffs, minority stockholders, seek, *inter alia,* dissolution of the corporate defendants. Inasmuch as the demand seeks substantial data and detail presently unknown to plaintiffs and peculiarly within the knowledge of defendants, the court properly permitted disclosure prior to service of the bill (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.07, p 30-713;