■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN GREEN, Appellant.—Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered October 3, 1984, which convicted defendant, upon his plea of guilty, of the crime of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), and sentenced him to an indeterminate term of imprisonment of from 2½ years to life imprisonment, and immediately resentenced defendant to an indeterminate term of imprisonment of from 2½ years to 7½ years, to be served concurrently with a term of imprisonment of from 1⅓ years to 4 years on another conviction, is unanimously reversed, on the law, the facts and in the exercise of discretion, and the matter is remanded for resentencing in accordance with the original sentence promise. The appeal from the denial of the defendant's motion, pursuant to CPL 440.20, is dismissed as moot.

On March 29, 1978, at approximately 3:45 P.M., police officers observed defendant sell a quantity of heroin. Immediately after the sale was completed, the police arrested defendant.

Subsequently, on May 15, 1980, while represented by counsel, defendant pleaded guilty to the crime of criminal sale of a

controlled substance in the third degree, in satisfaction of the indictment. In exchange for his plea, the Justice presiding promised defendant that he would sentence him to an indeterminate term of imprisonment of from one year to life imprisonment, and that then defendant would "be [resentenced] * * * on a sentence range running from a minimum from one to three years and one to five years, that time to be served concurrently with the time that is going to be imposed on [defendant in connection with another indictment]".

Defendant failed to appear on the day of sentence, which was May 19, 1980 and, on June 17, 1980, a bench warrant was issued for his arrest. Ultimately, defendant was involuntarily returned on this warrant. Before passing sentence on October 3, 1984, Criminal Term stated, in substance, that it was no longer bound by its previously made sentence promise, since defendant had failed to appear for sentence. Thereafter, Criminal Term sentenced defendant to an indeterminate term of from 2½ years to 7½ years in prison, and this sentence was to run concurrently with the indeterminate term of 1⅓ years to 4 years which had been imposed on him in connection with an unrelated indictment, mentioned *supra.*

Based upon our review of the plea minutes, we find that Criminal Term erred in the sentence it finally imposed. We can find no evidence in those minutes that supports the conclusion that Criminal Term either expressly or impliedly conditioned its sentence promise upon the defendant's return to court on the date of sentence. The Court of Appeals in *People v Selikoff* (35 NY2d 227, 244 [1974]) pointed out that, in order to avoid disputes as to what promises were made when a guilty plea was entered, it is desirable to have "as complete a record as possible of the agreements and promises which * * * led to a guilty plea".

We have held that regardless of the fact that "the defendant initially failed to appear for sentencing and had to be apprehended in order to obtain his subsequent appearance, he was, nevertheless, entitled to be sentenced to the term promised or an opportunity to withdraw his plea" *(People v Johnson,* 48 AD2d 643 [1st Dept 1975]). Applying this rule to the instant case, this defendant must either receive the sentence promised him or be permitted to withdraw his plea.

Since the indictment in the instant case is approximately eight years old, we find that "it would prejudice the People to allow the defendant to withdraw his plea and go to trial" *(People v Annunziata,* 105 AD2d 709 [1984]). Accordingly, we

reverse, and remand the matter for resentencing in conformity with the original promise made by the court. Concur—Sandler, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.