■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

FRED GORDON, Appellant.—Judgment, Supreme Court, New York County (George Roberts, J.), rendered July 8, 1985, convicting defendant of an attempt to commit the crime of criminal sale of a controlled substance in the fifth degree, and sentencing him to an indeterminate term of from 1 to 3 years, unanimously modified, on the law, to reverse as to the sentence, and to sentence defendant to a definite term of one year and, except as thus modified, affirmed.

While the record clearly shows that defendant's guilty plea was knowing and voluntary, it also demonstrates that the court, after initially indicating that defendant would receive a sentence of 1 to 3 years in exchange for pleading guilty, offered defendant "one year" if it was determined that he was not a predicate felon. In fact, during the plea allocution, the court twice referred to its promise to sentence defendant to "one year". It appears to us that the court misspoke, believing that it was referring to the previously offered 1-to-3-year sentence. As the People commendably concede, however, defendant apparently relied on these statements as a promise of a one-year definite sentence, since, during the initial plea negotiations, his attorney explained that the appeared to be "interested in one year", and at sentence, after the imposition of the 1-to-3-year term, he complained that he had been promised a sentence of one year. Thus, defendant has preserved his claim that a plea promise had not been kept. *(Cf., People v Ifill, 108 AD2d 202, 203.)*

Since defendant received a sentence greater than the one year which he had been led to believe he would receive, his sentence must be vacated. Ordinarily, we would remand for resentencing in accordance with the promise or to allow defendant the opportunity to withdraw his plea if the promise could not be kept. *(See, People v Selikoff, 35 NY2d 227, 241.)* Since, however, defendant has already served the one-year minimum term of his indeterminate sentence and is now on parole, we resentence him to the one-year definite term as promised. Defendant's parole should be terminated, and if it becomes necessary to deliver him to the city penitentiary to implement this resentence, he should be released forthwith. Concur—Sandler, J. P., Sullivan, Milonas, Kassal and Smith, JJ.