■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ROSENBERG, Appellant.—Judgment, Supreme Court, New York County (Dorothy A. Cropper, J.), rendered May 2, 1988, convicting defendant, upon a plea of guilty, of criminal possession of stolen property in the fourth degree, and sentencing him to a definite prison term of eight months, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to vacate the sentence, the matter remanded for resentencing, and otherwise affirmed.

On February 13, 1987, defendant was indicted for criminal possession of stolen property in the third degree, reckless endangerment and unauthorized use of a vehicle in the third degree. On November 13, 1987, defendant was arrested for possessing a hypodermic syringe and charged with possession of a hypodermic needle.

Subsequently, on January 8, 1988, while represented by counsel, defendant pleaded guilty to criminal possession of stolen property in the fourth degree, in full satisfaction of the above indictment and criminal court charge. The court advised defendant that his attorney as well as the Assistant District Attorney recommended that the court impose a sentence of probation "with a direction that [defendant] continue in a [drug] treatment program." The court accepted, without reservation, that recommendation.

Defendant failed to appear on the day of sentence and a bench warrant was issued for his arrest. Ultimately, defendant was involuntarily returned on this warrant. Before passing sentence on May 2, 1988, Criminal Term stated, in substance, that it was no longer bound by its previously made sentence promise, since defendant had, in the court's view, violated the conditions of the plea promise. Thereafter, Criminal Term sentenced defendant to a definite term of eight months in jail.

Defense counsel then moved to withdraw the guilty plea. The court denied the motion, stating that a plea "promise is made contingent upon [defendant] and his behavior", and that it would not grant probation to someone "who could not even

get himself" in for his presentence interviews or work with the Probation Department long enough for them to compile an adequate probation report. When defense counsel protested the court's action, the court also noted that defendant had to be involuntarily returned for sentencing on a warrant.

On appeal, defendant argues that the court erred in refusing either to honor its original sentence promise or to permit him to withdraw his plea. We agree.

Although there is no contract right to enforce plea bargains *(People v Selikoff,* 35 NY2d 227, 238 [1974], *cert denied* 419 US 1122 [1975]), it is well settled that a sentencing court has an obligation not to tamper with a defendant's reasonable expectation of receiving the sentence which has been promised in exchange for his plea. *(Supra.)* In order to avoid disputes as to what promises were in fact made when a guilty plea was entered, the terms of the plea agreement should be stated explicitly and unambiguously on the record. *(Supra,* at 244; *People v Green,* 121 AD2d 858, 859.) Furthermore, where a court is unwilling or unable to sentence a defendant in accordance with its promise, the defendant must be given an opportunity to withdraw his plea. *(See, People v Selikoff, supra; People v Esposito,* 32 NY2d 921; *People v Green, supra; People v Johnson,* 48 AD2d 643.)

Here, the record is devoid of any explicit or implicit statement by the court that its sentence promise was conditioned upon defendant either appearing in court on the original sentencing date *(compare, People v Green, supra, with People v McDaniels,* 111 AD2d 876, 877) or appearing at the Probation Department. Nor do the plea minutes support the People's contention that defendant's sentence of probation was conditioned upon his enrollment in a drug-treatment program. Rather, it is apparent that the court's direction that defendant enter a drug-treatment program was a provision of the negotiated sentence of probation, and not a condition precedent to that sentence. Indeed, a review of the minutes of the plea proceeding plainly indicates that no condition was imposed on the court's acceptance of the plea. Hence, since the court was unwilling to abide by the plea agreement, it should have granted defendant's motion to withdraw his plea. *(Compare, People v Green, supra, with People v McDaniels, supra.)*

Accordingly, the sentence is vacated, the matter is remanded for resentencing, and the judgment is otherwise affirmed. Concur—Kupferman, J. P., Ross, Carro, Ellerin and Wallach, JJ.