■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE P., Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 28, 1985, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Dismissal of the indictment in furtherance of justice *(see,* CPL 210.40) is not warranted under the circumstances of this case, where the defendant sold a significant quantity of cocaine to an undercover police officer. Nor is the defendant entitled to dismissal of the indictment on constitutional grounds, as the alleged misconduct of law enforcement offi-

cials, even if true, cannot be characterized as "so egregious and deprivative" as to have violated the defendant's due process rights *(see, People v Isaacson,* 44 NY2d 511, 519; *People v Smith,* 106 AD2d 670; *People v Johnson,* 64 AD2d 821).

The defendant was not entitled to a sentence of lifetime probation in return for his cooperation with law enforcement officials in the absence of an on-the-record promise, made at the time of entry of his guilty plea, that he would receive that particular sentence *(see, People v Danny G.,* 61 NY2d 169; *People v Frederick,* 45 NY2d 520; *People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122).

We have examined the *pro se* appellant's remaining claims and find them either to be unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.