THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SILVIO REYES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant and three codefendants were charged with one count each of first degree criminal sale of a controlled substance (Penal Law § 220.43 [1]), first degree criminal possession of a controlled substance (Penal Law § 220.21 [1]), and second degree conspiracy (Penal Law § 105.15). Additionally, defendant and a codefendant were charged with one count of third degree criminal possession of a weapon (Penal Law § 265.02 [4]). On July 1, 1988, defendant, in full satisfaction of all charges, entered a plea of guilty to one count of second degree criminal sale of a controlled substance.

At the outset of the plea proceeding, the prosecutor informed the court that the plea was approved in return for defendant's agreement "to cooperate with the authorities in the trial of the pending co-defendants" and "to allow himself to be debriefed by the Task Force with respect to his knowledge concerning drug activity in this area and in New York City". The extensive colloquy that followed, purporting to explain the ramifications of the plea agreement, is recorded in 34 pages of the plea proceeding transcript. The colloquy served to confuse, rather than clarify, the plea agreement. On several occasions the court informed defendant that he would receive an indeterminate term of five years to life. On other occasions the court informed defendant that if he provided additional information, the Task Force and the District Attorney's office would recommend that he receive a sentence of three years to life, and on one occasion, the court informed the defendant that if he did not cooperate in the case against his codefendants or did not provide information to the Task Force, he would be sentenced to seven years to life. Additionally, there was discussion on the record, without explicit judicial approval, that if defendant provided significant information he might even be sentenced to lifetime probation.

Immediately prior to sentencing, the prosecutor informed the court that he and other law enforcement authorities had two meetings with defendant and that "we concluded our meeting basically with my feeling that Mr. Reyes wasn't being cooperative". Defendant's counsel argued that defendant complied with the agreement to the best of his ability but that because the investigation did not "bear fruit", the prosecution was breaching its agreement. Defendant thereupon moved to withdraw his plea and stand trial. The motion was denied. After finding that defendant had not "cooperated in any way that would merit any greater consideration", the court sentenced defendant to an indeterminate term of imprisonment of seven years to life.

In order to avoid disputes as to the promises made when a guilty plea is entered, the terms of the plea agreement should be explicitly and unambiguously set forth on the record *(People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122; *People v Rosenberg,* 148 AD2d 346; *People v Green,* 121 AD2d 858). Viewed in its entirety, the plea agreement here is vague and ambiguous. Since "[c]ompliance with a plea bargain is to be tested against an objective reading of the bargain", and it cannot be said that "the plea bargain * * * is susceptible to but one interpretation" *(People v Cataldo,* 39 NY2d 578, 580), it follows that County Court erred in denying defendant's motion to withdraw his plea *(see, People v McConnell,* 49 NY2d 340, 346-347; *People v Rosenberg, supra,* at 347). It would be appropriate in the circumstances to vacate the plea and remit the case for further proceedings on the indictment. Defendant, however, does not seek that relief on appeal. Instead, he argues that County Court promised that he would be sentenced to an indeterminate term of five years to life and that this court should enforce that promise. On this record, that relief is not available to defendant *(cf., People v McConnell, supra).*

We have reviewed the other issue raised by defendant and find it to be without merit. (Appeal from judgment of Onondaga County Court, Burke, J.—criminal sale of controlled substance, second degree.) Present—Dillon, P. J., Doerr, Pine, Lawton and Davis, JJ.