■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON LEVINE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered October 23, 1989, convicting him of grand larceny in the second degree (11 counts), falsification of business records in the first degree (974 counts), criminal solicitation in the fourth degree (18 counts), violation of Tax Law § 1145 (four counts), violation of Tax Law § 289-b (12 counts), and conspiracy in the fifth degree, upon his plea of guilty, and sentencing him to 11 consecutive terms of 2 to 6 years' imprisonment upon his conviction of grand larceny in the second degree, to run concurrently to 974 concurrent terms of 1 to 3 years' imprisonment upon his conviction of falsification of business records in the first degree, to run concurrently to 18 concurrent terms of one-year imprisonment upon his convictions of criminal solicitation in the fourth degree, violation of Tax Law § 1145 (four counts), violation of Tax Law § 289-b (12 counts), and conspiracy in the fifth degree, imposition of a fine of $1,000 on each count of grand larceny in the second degree and a fine of $100 on each count of falsification of business records in the first degree or, as an alternative to the fines, additional consecutive one-day terms of imprisonment for each $5 of the fines not paid by June 29, 1990, and a surcharge of $100.

Ordered that the judgment is modified, on the law, by deleting the provision thereof imposing, as an alternative to the fines, consecutive one-day terms of imprisonment for each $5 of the fines not paid by June 29, 1990; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court had clearly conditioned the imposition of the promised sentence upon the defendant's compliance with certain conditions, including the payment of a sum of money in the nature of restitution at the time of sentencing. While the defendant and his counsel were given ample opportunity to explain the defendant's failure to fulfill the conditions, the proffered explanations were properly found to be unsubstantiated and insufficient. Therefore, the defendant was not entitled to specific performance of the promised sentence (see, People v Murello, 39 NY2d 879; People v Moore, 155 AD2d 696). The defendant's further contentions that he should have been given an opportunity to withdraw his plea of guilty are not preserved for appellate review (see, People v Lopez, 71 NY2d 662; People v Pellegrino, 60 NY2d 636; see also, People v Ifill, 108 AD2d 202), and we decline to review them in the exercise of our interest of justice jurisdiction.

Since the defendant was, in effect, sentenced to the maximum term of imprisonment which could be imposed, the imposition, as an alternative to the fines, of additional consecutive one-day terms of imprisonment for each $5 of the fines not paid by June 29, 1990, was improper (see, CPL 420.10 [4] [d]; People v Baker, 130 AD2d 582, 583), and the sentence has been modified accordingly. If the fines are not paid, the People, if they be so advised, can seek to collect them pursuant to CPL 420.10 (6). However, we find no merit to the defendant's contentions that his sentence was either so disproportionate to the offenses as to constitute cruel and unusual treatment or excessive. We note that pursuant to Penal Law § 70.30 (1) (c), the aggregate maximum and minimum terms of the consecutive sentences imposed by the court are deemed to be equal to a term of 10 to 20 years' imprisonment, and, as so reduced, the sentences fall within the statutory limitations and do not have to be modified on that ground (see, People v Moore, 61 NY2d 575).

The defendant's remaining contentions are without merit. Thompson, J. P., Lawrence, Eiber and Ritter, JJ., concur.