THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. DAVEY, Appellant. [598 NYS2d 637] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: There is no merit to defendant's contention that his probation was improperly revoked because he was not given a written copy of the conditions of probation when his sentence was imposed (see, CPL 410.10). It is uncontroverted that defendant was aware of the condition that he violated, and any failure to give him a written copy at sentencing does not vitiate his conviction for violating probation (see, People v Bernstein, 163 AD2d 842, 843, lv denied 76 NY2d 938; see also, People v Nazarian, 150 AD2d 923, lv denied 74 NY2d 744). Moreover, that contention is unpreserved (see, People v Cover, 154 AD2d 927, lv denied 74 NY2d 947).

Defendant, however, was improperly sentenced. He contends that his plea of guilty to a violation of probation was entered on the understanding that he would be incarcerated for one year. At sentencing, the court, rejecting the arguments of defense counsel and defendant, asserted that the promised sentence was one to three years and sentenced defendant accordingly.

"In order to avoid disputes as to the promises made when a guilty plea is entered, the terms of the plea agreement should be explicitly and unambiguously set forth on the record (People v Selikoff, 35 NY2d 227, cert denied 419 US 1122; People v Rosenberg, 148 AD2d 346; People v Green, 121 AD2d 858)" (People v Reyes, 167 AD2d 920, 921, lv denied 77 NY2d 842). The record here does not meet that standard. The only reference to a sentence at the time of the plea was defense

counsel's statement that the sentence would be one year, to which the court responded, "That's right". The vagueness of the record was demonstrated at sentencing when defendant and his attorney contended that the promised sentence was one year, thereby preserving that issue *(see, People v Gordon, 129 AD2d 448, 449)*, while the court insisted that the promised sentence was one to three years. The court should not, in light of the confusion over the sentence promise, have proceeded to sentence without giving defendant the opportunity to withdraw his guilty plea *(see, People v Gordon, supra; cf., People v Reyes, supra)*.

Because defendant has already served more than one year of the sentence imposed, it is appropriate for this Court to resentence him to a determinate term of one year *(see, People v Gordon, supra; see generally, People v McConnell, 49 NY2d 340, 348-349)*. Therefore, the judgment of Supreme Court is modified by vacating defendant's sentence and sentencing defendant to a determinate term of incarceration of one year. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Violation of Probation.) Present—Denman, P. J., Pine, Balio, Fallon and Boehm, JJ.