■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR WILLIAMS, Appellant. [600 NYS2d 529] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant pleaded guilty to assault in the second degree in return for an agreed-upon sentence of 2 to 4 years. The court released defendant on his own recognizance pending sentence with the warning that, "[i]f you fail to appear on the date of sentencing and violate the terms of release, which will be that you not have contact, direct or indirect, with the victim or her daughter, or arrested for other charges, the Court could impose any legal sentence. In this case, a maximum of three and a half to seven years." Defendant failed to appear on the scheduled date for sentencing and was picked up on a bench warrant. When defendant appeared for sentencing, his attorney noted that, although defendant had not appeared for sentencing, there had been no contact with the victim. His attorney maintained that, because defendant did not violate both conditions imposed by the court, he should be sentenced in accordance with the terms of the plea agreement to a term of 2 to 4 years or be allowed to withdraw his guilty plea. The court rejected defendant's interpretation of the sentence promise, denied his application to withdraw the guilty plea and sentenced defendant to 3½ to 7 years.

A guilty plea induced by an unfulfilled promise either must be vacated or the promise honored *(People v Selikoff,* 35 NY2d 227, 241, *cert denied* 419 US 1122). Thus, before imposing a harsher sentence than that agreed upon, the sentencing court was required to afford defendant an opportunity to withdraw his guilty plea *(People v Gendron,* 71 AD2d 1050; *People v Jones,* 70 AD2d 1054). Compliance with the plea bargain is to be tested against an objective reading of the bargain *(People v Cataldo,* 39 NY2d 578, 580). Although the court might have misspoken, the terms of the plea and sentencing agreement as set forth on the record were stated in the conjunctive. Hence, Supreme Court erred in not imposing the promised sentence or, in the alternative, permitting defendant to withdraw his plea *(see, People v Reyes,* 167 AD2d 920, 921, *lv denied* 77 NY2d 842; *People v Rosenberg,* 148 AD2d 346, 347).

Accordingly, we modify the judgment by vacating the sentence and we remit the matter to Supreme Court for that court either to impose the original agreed sentence or to offer defendant an opportunity to withdraw his plea *(People v Jones, supra,* at 1055). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Assault, 2nd Degree.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.