■■■. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SITARSKI, Appellant. (Appeal No. 1.) [636 NYS2d 533] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant pleaded guilty to one count of unauthorized use of a vehicle in the second degree (Penal Law § 165.06), two counts of insurance fraud in the third degree (Penal Law § 176.20), and one count of grand larceny in the third degree (Penal Law § 155.35), in exchange for promised sentences of concurrent terms of incarceration for each conviction of 2 to 4 years. Defendant moved to withdraw his guilty plea when Supreme Court refused to impose the agreed upon sentences. The court denied the motion and sentenced defendant to four concurrent terms of incarceration of $1^1/2$ to $4^1/2$ years and restitution in the amount of $8,848.24.

"[A] guilty plea induced by an unfulfilled [sentencing] promise either must be vacated or the promise honored [citation omitted]" *(People v Selikoff,* 35 NY2d 227, 241, *cert denied* 419 US 1122). As the People candidly concede, the court should have granted the motion of defendant to withdraw his guilty plea *(see, People v Williams,* 195 AD2d 1040, 1041). Further, the sentence of $1^1/2$ to $4^1/2$ years for defendant's conviction of unauthorized use of a vehicle in the second degree is illegal; that offense, a class E felony, is subject to a maximum term of incarceration of four years *(see,* Penal Law § 70.00 [2] [e]; § 165.06).

We, therefore, modify the judgments by vacating the sentences and remit the matters to Supreme Court either to

impose the originally agreed upon sentences or to permit defendant to withdraw his pleas *(see, People v Williams, supra,* at 1041; *People v Jones,* 70 AD2d 1054, 1055). (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Insurance Fraud, 3rd Degree.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.