■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO N. JAMES, Appellant. [674 NYS2d 809] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered September 9, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

In February 1994 defendant was indicted on a charge of criminal possession of a weapon in the third degree, a class D felony. The charge stemmed from an investigation into the 1991 theft of 18 handguns from a sporting goods store in Pennsylvania. At the time of his arrest for possessing one of those guns, defendant was suspected of either possessing or having knowledge of the whereabouts of at least seven of the original 18 guns. On May 27, 1994, pursuant to a plea bargain, defendant pleaded guilty as charged in the indictment; notably, his rap sheet showed two prior felony convictions. Prior to defendant's plea, defense counsel reported on the record to County Court that the People would recommend a sentence of 15 years to life if defendant was found to be a persistent felony offender; if, however, defendant provided information "that leads to the recovery of certain guns", the People would "forego the filing of a persistent felony information and recommend a sentence of two and a half to five" years in prison. During the actual plea colloquy defense counsel reiterated that the plea bargain agreement with the People was based upon defendant providing information leading to the recovery of "guns". Defendant acknowledged that he understood the plea bargain. County Court scheduled sentencing for July 1, 1994, making no commitment to defendant regarding the plea agreement other than to review the presentence report and consider the recommendations of the People.

On June 28, 1994, three days prior to the scheduled sentencing, the People submitted a written application to County Court requesting that the court treat defendant as a persistent felony offender (*see*, CPL 400.20); the application states that defendant "has made no substantial effort to recover and turn over to police authorities seven remaining stolen handguns that were at one time in his possession". Two days later defendant, through his counsel, turned over one of the seven handguns to local police. County Court ordered a persistent felony hearing, at which the People offered evidence of defendant's failure to cooperate. Captain Charles Patterson of the Elmira Police Department testified that he spoke with defendant on the day of his arrest, as well as on three other occasions, in an attempt to recover some of the missing guns; he stated that over the four-month period defendant did not provide any specific information as to the location of the remaining stolen guns except that defendant told him that he believed two of them may have been in the possession of two brothers who lived in Steuben County and that he would try to have his girlfriend contact them to see if he could obtain those guns. Notably, the gun he eventually turned over was one of the guns which he claimed was in the possession of the brothers. Patterson, who knew of the identity of these brothers, admitted that he did not make any effort to locate either of them. In addition to proof of the prior felonies, the People presented evidence as to defendant's gun-selling activities including testimony from a fellow prison inmate for whom defendant offered to obtain guns. County Court found that defendant failed to cooperate with the police as required under the plea bargain, that defendant was a persistent felony offender, that his history and character showed that he was a threat to the safety of the community and sentenced him to a period of imprisonment of 15 years to life. Defendant appeals.

We affirm. Defendant and the People disagree as to what was expected of defendant in order to obtain the benefit of the plea bargain. Although a review of the record reveals that the terms of the bargain are not totally clear, we find merit in the People's contention that the agreement, at a minimum, required defendant's substantial performance in locating and recovering more than one of the remaining stolen handguns. The record reveals that defendant turned over one handgun and gave police some information about the possibility that two brothers possessed more guns; he also gave them useless information about the informant, who was already working with police on the sale which led to the underlying charge, and he made vague reference to a gun dealer in New York City. In the end, only one gun was recovered.

Defendant now seeks to withdraw his plea, contending that the cooperation he gave authorities was sufficient as he was only required to provide information about the possible location of the guns. We disagree. While the terms of a plea bargain should always be set forth on the record in clear and unambiguous language (*see, People v Reyes*, 167 AD2d 920, 921, *lv denied* 77 NY2d 842; *see also, People v Lance*, 163 AD2d 333; *People v Rosenberg*, 148 AD2d 346, 347), the plea agreement in the instant case was clear enough for defendant to understand that unless he could lead the police to the recovery of "certain guns" the People were not bound by their agreement. Only when such a plea bargain is clearly ambiguous (*see, People v Reyes, supra*, at 921; *see also, People v McConnell*, 49 NY2d 340, 346-347; *People v Rosenberg, supra*, at 347; *compare, People v Cataldo*, 39 NY2d 578, 580), or when the trial court is unwilling or unable to sentence a defendant in accordance with a clearly set forth promise (*see, People v Selikoff*, 35 NY2d 227, *cert denied* 419 US 1122; *People v Rosenberg, supra*, at 347), should a defendant be allowed to withdraw a guilty plea.

Here, defendant presented no proof at the hearing in support of his assertion that he was entitled to the benefit of the plea bargain (*see, People v Levine*, 167 AD2d 484, 485, *lv denied* 77 NY2d 879). It is also significant that defendant never moved in County Court to withdraw his plea (*see,* CPL 220.60 [3]); as a result, this issue was not preserved for appellate review (*see, People v Levine, supra*, at 485; *see also, People v Lopez*, 71 NY2d 662, 665-666; *People v Hadden*, 158 AD2d 856, 857, *lv denied* 76 NY2d 847). In any event, if defendant truly had an expectation of not being treated as a persistent felony offender, that expectation was unreasonable under the circumstances of this case (*see, People v Selikoff, supra*, at 239; *People v Rosenberg, supra*, at 347). Although he assisted in the recovery of one gun, the minimal cooperation he gave to the police supports the conclusion that his efforts were too little, too late (*see, People v Levine, supra*, at 485).

Finally, we reject defendant's contention that his sentence was overly harsh and excessive. Defendant asserts that the People failed to meet the second prong of the requirements of CPL 400.20 (1) which requires a showing of bad character and extreme circumstances. CPL 400.20 (1), in addition to requiring that defendant be a persistent felony offender as defined in Penal Law § 70.10 (1), requires a finding that "the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to

best serve the public interest" (CPL 400.20 [1] [b]). Here, in addition to six misdemeanor convictions dating back to 1982, defendant had been convicted of two prior felonies within the previous six years. In addition, he conspired while in prison to sell guns and, once out of prison, he sold the gun which led to his arrest. In our view, County Court did not abuse its discretion in sentencing defendant as a persistent felony offender (*see, People v Adorno*, 216 AD2d 686, 689, *lvs denied* 86 NY2d 839, 843).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.