# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**417**

**KA 08-00318**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DEVON CAPERS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered December 3, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law § 160.05). We reject defendant's contention that County Court erred in imposing an enhanced sentence. First, defendant violated a condition of the plea agreement by failing to appear in court on the scheduled sentencing date, and thus the court properly imposed an enhanced sentence based on that violation (*see People v VanDeViver*, 56 AD3d 1118, 1119, *lv denied* 11 NY3d 931, 12 NY3d 788). Second, defendant was arrested after the plea and before sentencing for crimes allegedly committed during that interim period, also in violation of a condition of the plea agreement, and "the record establishes that the information supporting the arrest was reliable and accurate" (*People v Hall*, 38 AD3d 1289, 1290 [internal quotation marks omitted]). Indeed, the evidence introduced at the inquiry pursuant to *People v Outley* (80 NY2d 702, 713) established that an indictment had been issued upon the charges underlying the postplea arrest (*see People v Smith*, 248 AD2d 179, *lv denied* 91 NY2d 1013).

The record belies the further contention of defendant that the court informed him that he would not receive an enhanced sentence unless he violated all of the conditions of the plea agreement (*cf. People v Williams*, 195 AD2d 1040). Rather, the record establishes that the court indicated that an enhanced sentence could be imposed unless defendant did "everything" required by the conditions of the plea agreement. We thus conclude that the court properly enhanced the

sentence based upon defendant's failure to comply with the conditions of the plea agreement (*see People v Figgins*, 87 NY2d 840).

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court