■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JOHNSON, Appellant.—Judgment, Supreme Court, New York County, rendered March 13, 1973, convicting defendant upon his plea of guilty of attempted manslaughter in the second degree, and sentencing him to an indeterminate term of imprisonment not to exceed three years, unanimously reversed, on the law, and the matter remanded for resentence in accordance with the original sentence promise of probation. Defendant's plea of guilty was entered upon the court's promise to impose a sentence of probation. Accordingly, although the defendant initially failed to appear for sentencing and had to be apprehended in order to obtain his subsequent appearance, he was, nevertheless, entitled to be sentenced to the term promised or an opportunity to withdraw his plea. *(Santobello v New York,* 404 US 257; *People v Selikoff,* 35 NY2d 227; *People v Esposito,* 32 NY2d 921.) In the circumstances of this case, the People having demonstrated that their position has changed and that a retrial would not be possible, appellant would be given an undue benefit if he is now permitted to withdraw the plea *(People v Selikoff, supra,* pp 239–240; *People v Esposito, supra)* and accordingly, the matter is remanded for resentencing in accord with the promise of probation. Concur—Kupferman, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HUGHES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS BEATTY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK LUMFORD, Appellant.—Judgments, Supreme Court, Bronx County, rendered on October 30, 1972, convicting each defendant, after a joint trial, of robbery in the first degree, grand larceny in the third degree, possession of a weapon as a felony and, in the case of defendant, Lumford, reckless endangerment in the first degree and, in the cases of defendants, Beatty and Hughes, reckless endangerment in the second degree, unanimously modified, on the law, to the extent of reversing the convictions for grand larceny in the third degree and dismissing that count of the indictment and otherwise affirmed. *(People v Pyles,* 44 AD2d 784) The People concede that the judgments should be so modified. We have examined the other contentions raised by the defendants and find them to be without merit. Concur—Kupferman, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.