■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMINE ANNUNZIATA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Lonschein, J.), rendered March 30, 1984, convicting him of robbery in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment of 4 to 12 years.

Judgment modified, on the law, by reducing the sentence imposed to an indeterminate term of imprisonment of 3 to 9 years. As so modified, judgment affirmed.

Defendant's plea of guilty was entered upon the court's promise that it would impose a maximum sentence of nine years. Prior to sentencing, however, defendant fled the jurisdiction and was not returned to New York until over two years later. Upon his return, defendant moved to withdraw his previously entered guilty plea. In light of the unsupported claims of innocence in the moving papers, the court properly denied the motion (see *People v Dixon,* 29 NY2d 55; *People v Fridell,* 93 AD2d 866). Nevertheless, instead of imposing the sentence originally promised, the court, claiming it was no longer bound by that promise, sentenced defendant to a prison term of 4 to 12 years. This was error.

It is fundamental that the sentencing court may not impose a sentence greater than the one bargained for without first affording an opportunity to withdraw the plea and stand trial (see *People v Farrar,* 52 NY2d 302; *People v McConnell,* 49 NY2d 340; *People v Selikoff,* 35 NY2d 227, cert den 419 US 1122). This is so even though defendant failed to appear for sentencing and had to be apprehended to obtain his subsequent appearance (see *People v Esposito,* 32 NY2d 921; *People v Johnson,* 48 AD2d 643). Since the indictment under which this prosecution arose is now more than three years old, however, it would prejudice the People to allow the defendant to withdraw his plea and go to trial (see *People v Parra,* 57 AD2d 964; *People v Johnson, supra; People v Craig,* 41 AD2d 932). The People note in their brief that "should this Court find that the trial court erred in failing to adhere to the sentence promise, we submit that the appropriate remedy would be to reduce the defendant's sentence to the promised term of from 3 to 9 years". Accordingly, defendant's sentence should be reduced to conform with the plea bargain.

We have considered defendant's remaining contentions and find them to be without merit. Gibbons, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.