■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GALLINO, Appellant.—Appeal by the defendant, as limited by his brief, from so much of a sentence of the County Court, Suffolk County (Namm, J.), rendered February 6, 1985, as, upon his conviction, *inter alia*, of two counts of murder in the second degree, upon his plea of guilty, imposed concurrent indeterminate terms of 22½ years to life imprisonment.

Ordered that the sentence is modified, on the law, by reducing the terms of imprisonment imposed upon the counts of murder in the second degree to concurrent indeterminate terms of 17½ years to life imprisonment; as so modified, the sentence is affirmed insofar as appealed from.

As the People concede, the only condition attached to the court's promise to sentence the defendant to concurrent terms of 17½ years to life imprisonment on each of the murder counts was satisfied. At the time of the plea, the court was aware that the defendant refused to cooperate with the People in the prosecution of his codefendant, Herbert Morales, but the court never made the sentence promise conditional upon his testifying against Morales (cf., *People v Grant*, 99 AD2d 536). Accordingly, the defendant was entitled to be sentenced in accordance with the plea agreement and it was error for the court to impose a greater sentence. Therefore, we modify the sentence on each of the counts of murder in the second degree consistent with that agreement. Beyond that, we reject the defendant's contention that the agreed-upon sentence was harsh and excessive (*People v Kazepis*, 101 AD2d 816). Mollen, P. J., Brown, Weinstein, Eiber and Harwood, JJ., concur.