■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. SUMNER, Appellant.—Levine, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 21, 1987, convicting defendant upon his plea of guilty of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

In February 1985, defendant was indicted on two counts of operating a motor vehicle while under the influence of alcohol, as a felony, and one count of operating a motor vehicle while license is revoked. In June 1985, defendant accepted a plea bargain which permitted him to plead guilty to one count of operating a motor vehicle while under the influence of alcohol

in exchange for a sentence of six months' incarceration in the Ulster County Jail, five years' probation, a $750 fine and temporary revocation of his license. Defendant absconded prior to sentencing and remained a fugitive for approximately 18 months. After he was apprehended defendant appeared for sentencing on January 21, 1987. At that time County Court informed defendant that, in light of the fact that he had absconded, it no longer felt bound by its prior sentencing promise. Defense counsel then moved to withdraw the guilty plea. County Court denied the motion and sentenced defendant to an indeterminate term of 1 to 3 years' imprisonment. This appeal ensued.

On appeal, defendant contends that County Court erred in refusing either to give the sentence promised as part of the plea bargain or to permit defendant to withdraw his plea. We agree. Where, as here, there is nothing in the record to support an inference that the sentencing commitment was conditioned upon defendant's appearance on the date scheduled for sentencing, the court could not impose a sentence greater than the one bargained for without first affording defendant the opportunity to withdraw his plea (see, People v Esposito, 32 NY2d 921, 923; compare, People v Green, 121 AD2d 858, 859, and People v Annunziata, 105 AD2d 709 [plea bargain enforced in absence of condition not to abscond], with People v McDaniels, 111 AD2d 876, 877, and People v Chevalier, 92 AD2d 944 [greater sentence permitted where plea bargain, expressly conditioned upon appearance at sentencing]). As for defendant's remedy, we accept the People's representation on appeal that it would be prejudicial to permit defendant to withdraw his plea at this time and proceed to trial on the now-stale indictment. Accordingly, we reverse and remit the matter for resentencing in conformity with the original promise made by the court (see, People v Annunziata, supra).

Judgment modified, on the law, by vacating the sentence; matter remitted to the County Court of Ulster County for resentencing in accordance with this court's decision; and, as as modified, affirmed. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.