■ The People of the State of New York, Respondent, v Kenneth Outlaw, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered December 20, 1988, convicting him of attempted forgery in the second degree, upon his plea of guilty, and sentencing him as a second felony offender to an indeterminate term of from 2 to 4 years' imprisonment.

Ordered that the judgment is modified, on the law, by reducing the sentence to an indeterminate term of from 1½ to 3 years' imprisonment; as so modified, the judgment is affirmed.

We agree with the defendant's contention that the sentencing court erred in imposing a harsher sentence upon him than that promised at the plea proceeding. The transcript of the plea proceeding reflects that only two conditions were imposed upon the promised sentence of from 1½ to 3 years' imprisonment. The first condition was that the defendant not become involved in any "trouble" of a criminal nature between the date of the plea proceeding and the sentencing date. Secondly, the defendant was advised that if he challenged the People's predicate felony statement at sentencing, the promised sentence would no longer be binding on the court. The record establishes that the defendant complied with both of these conditions. Notably, the promised sentence was not conditioned upon the defendant's appearance on the sentencing date. Thus, the sentencing court could not impose a sentence greater than that bargained for on the basis that the defendant failed to appear on the originally scheduled sentencing date (see, People v White, 144 AD2d 711; People v Gallino, 131 AD2d 695; cf., People v Caridi, 148 AD2d 625). In view thereof, the imposed sentence should be reduced to conform with the plea agreement. Mollen, P. J., Lawrence, Kooper and Harwood, JJ., concur.