■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS SCRIVENS, Appellant.—Judgment unanimously modified on the law, and as modified affirmed and matter remitted to Onondaga County Court for further proceedings, in accordance with the following Memorandum: Defendant entered into a plea bargain pursuant to which he pled guilty to a Superior Court Information that charged him with attempted burglary in the second degree in exchange for a promised sentence of an indeterminate term of two to four years. The record of the plea proceedings does not indicate that defendant was told, nor can it be implied from the record that he understood, that the promised sentence was conditioned upon his appearance on the date originally scheduled for sentencing, and that, if he failed to appear as scheduled, the court

could impose a greater sentence than promised as part of the plea agreement. "It is fundamental that the sentencing court may not impose a sentence greater than the one bargained for without first affording [defendant the] opportunity to withdraw the [guilty] plea and stand trial" *(People v Annunziata,* 105 AD2d 709; *see also, People v Outlaw,* 157 AD2d 677; *People v White,* 144 AD2d 711). Accordingly, we vacate the sentence and remit the matter to the sentencing court either to impose the sentence promised as part of the plea agreement or to afford defendant the opportunity to withdraw his guilty plea. (Appeal from Judgment of Onondaga County Court, Mulroy, J. —Attempted Burglary, 2nd Degree.) Present—Dillon, P. J., Doerr, Denman, Lawton and Davis, JJ.