■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. KNAPP, Appellant.—Judgment unanimously modified on the law and as modified affirmed, and matter remitted to Onondaga County Court for further proceedings, in accor-

dance with the following Memorandum: Defendant entered a plea of guilty to a superior court information charging him with felony driving while intoxicated (DWI), as well as a violation of probation, in exchange for a promised sentence of concurrent terms of probation, the first year to consist of electronically-monitored confinement of defendant in his home. At sentencing, however, the court, upon being informed that defendant had been observed in a bar several days before, sentenced defendant to one year of imprisonment on the violation of probation and five years probation on the DWI conviction, the first six months to include incarceration. The court imposed the sentences consecutively.

It is fundamental that a sentencing court may not impose a more severe sentence than the one bargained for without first providing defendant with the opportunity to withdraw his plea of guilty (see, People v Rodney E., 77 NY2d 672, 676; People v Scrivens, 175 AD2d 671; People v Annunziata, 105 AD2d 709). Accordingly, we modify the judgment by vacating the sentence, and remit the matter to the sentencing court either to impose the sentence promised or to afford defendant the opportunity to withdraw his guilty plea. In light of our determination, it is unnecessary to reach the remaining issues raised by defendant. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Felony Driving While Intoxicated.) Present—Callahan, A. P. J., Doerr, Boomer, Green and Davis, JJ.