■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK ANTHONY, Also Known as PATRICK JAMES, Appellant. —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Pesce, J.), imposed August 27, 1990, the sentence being an indeterminate term of 7½ years to life imprisonment, upon his conviction of criminal sale of a controlled substance in the second degree, after a plea of guilty.

Ordered that the sentence is affirmed.

The defendant was charged with two counts of criminal sale of a controlled substance in the first degree and numerous lesser crimes involving the possession and sale of drugs. On April 25, 1988, he pleaded guilty to criminal sale of a controlled substance in the second degree, as charged in count 25 of the indictment, to cover the indictment. The defendant was told that he would be sentenced to an indeterminate term of four years to life imprisonment. He was also told that if he were to fail to appear for sentencing, he would be subject to the maximum sentence. The defendant's attorney stated to the court, "I believe [the maximum] is six and a third to life". The court then stated to the defendant, "[i]f you [were to fail] to return [for sentencing] you would then receive six and a third to [life]".

The defendant did not appear for sentencing. More than two years later, after having been arrested for another drug offense, the defendant finally appeared. His attorney did not

allege that the court was obliged to impose a sentence of 6⅓ years to life imprisonment, and in fact requested that the court impose a sentence of 7 years to life imprisonment. The court then imposed a sentence of 7½ years to life imprisonment.

On the present appeal pursuant to 22 NYCRR 670.12 (c) (1), the defendant does not seek to have his plea of guilty vacated. Instead, he argues that the sentencing court had a duty to impose a term of 6⅓ years to life imprisonment *(see, People v Outlaw,* 157 AD2d 677; *People v Marrero,* 162 AD2d 419; *People v Gallino,* 131 AD2d 695). We disagree.

The defendant had no unqualified right to receive a term of 6⅓ years to life imprisonment. Instead, the defendant had the right to choose either to withdraw his guilty plea or to submit to whatever sentence the court, in its discretion, wished to impose *(see, e.g., People v Scrivens,* 175 AD2d 671; *People v Outlaw, supra; People v White,* 144 AD2d 711; *People v Sumner,* 137 AD2d 891; *People v Gallino, supra; People v Annunziata,* 105 AD2d 709). Because the defendant does not seek to withdraw his guilty plea now, and has never sought that relief in the court of original instance, and because the defendant's attorney affirmatively requested the imposition of a prison term which exceeded any prior commitment which had been made by the court, we conclude that the defendant may not invoke the rule defined in the cases cited above in order to compel the imposition of a sentence which, in view of his having absconded, and in view of his having been rearrested on another charge, would be inappropriate. We agree with the Supreme Court that, under all the circumstances of this case, any sentence less than that actually imposed would have been inappropriate. Accordingly, the sentence appealed from is affirmed. Mangano, P. J., Bracken, Balletta, O'Brien and Copertino, JJ., concur.