■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL REID, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for further proceedings in accordance with the

following Memorandum: Pursuant to a plea bargain agreement, defendant pleaded guilty to a Superior Court Information that charged him with operating a motor vehicle while under the influence of alcohol or drugs (see, Vehicle and Traffic Law § 1192 [3]) as a class E felony in exchange for a promised sentence of a definite term of incarceration of six months in the Monroe County Jail, five years probation, revocation of his license and a fine. The record of the plea proceedings, however, does not reflect that defendant was advised, nor can it be implied from the record that he understood, that the promised sentence was conditioned upon his appearance on the sentencing date and that, if he failed to appear as scheduled, the court could impose a greater sentence. Defendant did not appear for sentencing and a bench warrant was issued for his arrest. When he did appear for sentencing, the court imposed an enhanced sentence of an indeterminate term of 1½ to 4½ years.

The sentence must be vacated because "[i]t is fundamental that the sentencing court may not impose a sentence greater than the one bargained for without first affording [defendant the] opportunity to withdraw the [guilty] plea and stand trial" (People v Annunziata, 105 AD2d 709; see also, People v Scrivens, 175 AD2d 671, 672; People v Outlaw, 157 AD2d 677; People v White, 144 AD2d 711). Finally, we note that the sentence imposed was illegal as a matter of law (see, CPL 470.15 [2] [c]; People v Mohammed, 151 AD2d 1018, 1019, lv denied 74 NY2d 815) because the maximum permissible sentence for a class E felony is four years (see, Penal Law § 70.00 [2] [e]) and the minimum permissible term is "not less than one year nor more than one-third the maximum" (Penal Law § 70.00 [3] [b]). Therefore, we vacate the sentence and remit the matter to Supreme Court either to impose the sentence promised as part of the plea agreement or to afford defendant the opportunity to withdraw his guilty plea. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.