■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH NOSEK, Appellant. (Appeal No. 1.) [654 NYS2d 63] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Oneida County Court for further proceedings in accordance with the following Memorandum: Defendant pleaded guilty to two counts of felony driving while intoxicated, the first count in two indictments. As part of the plea bargain on the two indictments, County

Court agreed to adjourn sentencing while defendant participated in an inpatient program in an alcoholic rehabilitation center. The court stated that, if defendant satisfactorily completed the program, it would sentence him to concurrent terms of no more than $1^1/_3$ to 4 years but that, if he did not complete the inpatient program, it would impose consecutive terms of 1 to 3 years. Defendant satisfactorily completed the inpatient program and then absconded to Florida, where he was arrested and pleaded guilty to driving while intoxicated. Defendant waived extradition, and, because he absconded and failed to appear for sentencing, the court imposed consecutive terms of $1^1/_3$ to 4 years.

Prior to sentencing, defendant moved to dismiss the indictments upon the grounds that the People unreasonably delayed the sentencing (*see,* CPL 380.30 [1]) and that he was denied his right to a speedy trial under subdivision (a) of article III of CPL 580.20, the Interstate Agreement on Detainers. The court properly denied those motions. The delay in sentencing was excusable "inasmuch as it was caused by defendant's conduct in absconding" (*People v Reyes,* 214 AD2d 233, 236, *lv denied* 87 NY2d 850). Further, CPL 580.20 applies where an out-of-State prisoner has a pending "untried indictment * * * information * * * or complaint" in New York (CPL 580.20, art 1), not where guilt has been established and defendant is awaiting sentencing (*see, People v Randolph,* 85 Misc 2d 1022; *see also, State of New York v Poe,* 835 F Supp 585, 590-591).

The court erred, however, in imposing consecutive terms of imprisonment without affording defendant the opportunity to withdraw his pleas. The court did not advise defendant that it would increase the aggregate term of imprisonment if he failed to appear for sentencing, nor can it be implied from the record that defendant understood that the court would impose consecutive terms of imprisonment if he failed to appear (*see, People v Scrivens,* 175 AD2d 671; *People v Sumner,* 137 AD2d 891; *People v Annunziata,* 105 AD2d 709). There is no merit to the People's contention that defendant failed to participate in an aftercare outpatient program and thereby failed to complete the rehabilitation program. The court never mentioned aftercare outpatient treatment during the plea proceeding; it informed defendant that it would impose consecutive sentences "if [he] is admitted as an inpatient at St. Joseph's and he does not satisfactorily complete the program." Thus, we modify the judgments by vacating the sentences, and we remit the matters to Oneida County Court either to impose the sentences promised as part of the plea agreement or to afford defendant

the opportunity to withdraw his guilty pleas (*see, People v Scrivens, supra*). (Appeal from Judgment of Oneida County Court, Donalty, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.