■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL S., Appellant. [709 NYS2d 307] —Adjudication unanimously modified as a matter of discretion in the interest of justice and as modified affirmed and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant pleaded guilty to attempted burglary in the third degree (Penal Law §§ 110.00, 140.20) and was adjudicated a youthful offender and sentenced to a term of probation of five years. Defendant thereafter admitted to violating the conditions of probation, and Supreme Court promised to sentence defendant to continued probation. Defendant failed to appear on the scheduled sentencing date, and a bench warrant was issued. At sentencing, the court sentenced defendant to a term of incarceration of 1⅓ to 4 years.

Defendant contends that the court erred in failing to afford

him an opportunity to withdraw his plea before imposing an enhanced sentence (*see, People v Selikoff,* 35 NY2d 227, 241, *cert denied* 419 US 1122; *People v Williams,* 195 AD2d 1040, 1041; *People v Scrivens,* 175 AD2d 671, 672). Defendant did not object to the enhanced sentence or move to withdraw his plea and thus failed to preserve his contention for our review (*see,* CPL 470.05 [2]; *People v Luksch,* 265 AD2d 895, *lv denied* 94 NY2d 825; *People v Wilson,* 257 AD2d 674, *lv denied* 93 NY2d 981; *People v Perry,* 252 AD2d 990, *lv denied* 92 NY2d 929). Under the circumstances of this case, however, we exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). At sentencing, the court asked the parties whether it had made any sentencing promise. The prosecutor remained silent, while defense counsel erroneously stated that the court had made no sentencing promise. The court then imposed an enhanced sentence, the maximum allowable, despite never having advised defendant that it would enhance the sentence if he failed to appear at sentencing (*see, People v Hendricks,* 270 AD2d 944; *People v Ortiz,* 244 AD2d 960, 961; *People v Nosek,* 236 AD2d 892, 893, *lv denied* 91 NY2d 877). We thus modify the adjudication by vacating the sentence, and we remit the matter to Supreme Court to impose the sentence promised or to afford defendant the opportunity to withdraw his plea. (Appeal from Adjudication of Supreme Court, Erie County, Howe, J.—Youthful Offender.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.