■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO MARTINEZ, Also Known as MARINO, Appellant. [719 NYS2d 416] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]), defendant contends that County Court erred in imposing an enhanced sentence. Defendant had been permitted to withdraw his original plea of guilty to the same crime when the court sought to impose a more severe sentence than that for which defendant had bargained (*see, People v Selikoff*, 35 NY2d 227, 241, *cert denied* 419 US 1122; *People v Thomas*, 210 AD2d 902, 902-903), based on information that defendant might have been convicted of a felony in Florida. "[A] plea so allowed to be withdrawn is out of the case forever and for all purposes" (*People v Spitaleri*, 9 NY2d 168, 173). Thereafter, defendant was offered the opportunity to plead guilty to criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]) in exchange for a sentence of six years to life imprisonment, the minimum sentence for a predicate felon. Defendant accepted that offer but before sentencing questioned whether the conviction in Florida qualified as a predicate felony in New York. Contrary to the contention of defendant, he was not sentenced as a predicate felon. The prosecutor withdrew the predicate felony statement and stated that the offered sentence remained six years to life imprisonment, which was within the range of legal sentences for a first time felon convicted of criminal sale of a controlled substance in the second degree. Defense counsel acknowledged that the offer was six years to life imprisonment and stated that defendant would accept the offer. Following that discussion, defendant was sentenced as agreed. Defendant failed to object to that sentence and did not move to withdraw the second plea or vacate the judgment of conviction and thus failed to preserve for our review his contention that the court erred in imposing an allegedly enhanced sentence (*see, People v Perry*, 252 AD2d 990, *lv denied* 92 NY2d 929). In any event, that contention lacks merit. Defendant "received the precise sentence for which he bargained" (*People v Mayers*, 74 NY2d 931, 932). (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.