tion, defendant alleged that he did not receive those tape-recorded conversations, nor did he receive the written statements of the witness to the investigators. The People did not deny those factual allegations in their response to defendant's motion and thus must be deemed to have conceded them (*see, People v Van Wie,* 238 AD2d 876, 877).

The tape-recorded conversations were destroyed, but the testimony in the hearing on one of the prior CPL article 440 motions indicated that the subject matter of those conversations related to the trial testimony of the witness. In addition, the written statement that the witness gave to the State Police investigator related to the witness's trial testimony. As we concluded in the prior appeals, we conclude herein that defendant established "that there was 'a "reasonable possibility" that the nondisclosure [of the tapes and the statement given by the witness to the State Police investigator] materially contributed to the verdict' " (*People v Potter, supra,* at 832; *see,* CPL 240.75). Defendant is therefore entitled to a new trial based on those *Rosario* violations. We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Order of Herkimer County Court, Kirk, J.—CPL art 440.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Burns, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SCOTT, Appellant. (Appeal No. 1.) [725 NYS2d 254] —Judgment unanimously affirmed. Memorandum: Defendant has failed to preserve for our review his contention that County Court erred in imposing an enhanced sentence (*see, People v Martinez,* 278 AD2d 818; *see also, People v Coutts,* 277 AD2d 1029; *People v Michael S.,* 273 AD2d 804, 804-805). In any event, defendant " 'received the precise sentence for which he bargained' " (*People v Martinez, supra,* quoting *People v Mayers,* 74 NY2d 931, 932). (Appeal from Judgment of Monroe County Court, Egan, J.—Grand Larceny, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Burns, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SCOTT, Appellant. (Appeal No. 2.) [724 NYS2d 394] —Judgment unanimously affirmed. Same Memorandum as in *People v Scott* (283 AD2d 1012 [decided herewith]). (Appeal from Judgment of Monroe County Court, Egan, J.—Insurance Fraud, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Burns, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINA REEDUS, Appellant. [724 NYS2d 394] —Judgment unani-