The People of the State of New York, Respondent, v Jeffrey Webb, Appellant. [750 NYS2d 420] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered November 7, 2001, convicting defendant upon his plea of guilty of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [1]), defendant contends that Supreme Court erred in imposing an enhanced sentence without affording him an opportunity to withdraw his plea. Even assuming, arguendo, that the statement of the court that it was "inclined" to sentence defendant to a period of probation constituted a commitment to such sentence, we conclude that defendant failed to preserve his contention for our review because he neither objected to the alleged enhanced sentence nor moved to withdraw his plea (*see People v Michael S.,* 273 AD2d 804; *People v Luksch,* 265 AD2d 895, *lv denied* 94 NY2d 825; *People v Perry,* 252 AD2d 990, *lv denied* 92 NY2d 929). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *Luksch,* 265 AD2d at 895-896). Contrary to the People's contention, the waiver by defendant of the right to appeal does not encompass his challenge to the severity of the sentence where, as here, the court had not advised him of the potential periods of incarceration that could be imposed before he waived his right to appeal (*see People v Lococo,* 92 NY2d 825, 827; *People v Hidalgo,* 91 NY2d 733, 737). We conclude, however, that the

sentence imposed is neither unduly harsh nor severe. We have examined defendant's remaining contention and conclude that it lacks merit. Present—Pine, J.P., Hayes, Scudder, Kehoe and Lawton, JJ.