# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1072**

**KA 13-02217**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V           MEMORANDUM AND ORDER

HUDSON VIELE, JR., DEFENDANT-APPELLANT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered December 16, 2013. The judgment convicted defendant, upon his plea of guilty, of reckless endangerment in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of reckless endangerment in the second degree (Penal Law § 120.20) and endangering the welfare of a child (§ 260.10 [1]). Pursuant to the plea agreement, County Court indicated that it was "inclined" to sentence defendant to a term of probation for each count but, at sentencing, imposed a period of imprisonment instead. Defendant contends that the court erred in imposing an "enhanced sentence" inasmuch as he abided by the conditions required for the imposition of probation, which the parties and the court had agreed upon at the time of the plea. Defendant also contends that, instead of imposing an "enhanced sentence," the court should have afforded him an opportunity to withdraw his plea. "Even assuming, arguendo, that the statement of the court that it was 'inclined' to sentence defendant to a period of probation [on each count] constituted a commitment to such sentence, we conclude that defendant failed to preserve his contention[s] [concerning the alleged enhanced sentence] for our review because he neither objected to the alleged enhanced sentence nor moved to withdraw his plea" (*People v Webb*, 299 AD2d 955, 955, *lv denied* 99 NY2d 565; *see People v Parks*, 309 AD2d 1172, 1173, *lv denied* 1 NY3d 577). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of

justice (*see* CPL 470.15 [3] [c]).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court