# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**581**

**KA 12-01594**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

DELROY GILLESPIE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 25, 2012. The judgment convicted defendant, upon his plea of guilty, of reckless endangerment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of reckless endangerment in the second degree (Penal Law § 120.20), defendant contends that Supreme Court impermissibly enhanced his sentence by revoking his pistol permit without affording him an opportunity to withdraw his plea. That contention is not preserved for our review because defendant "failed to object to the alleged enhanced sentence and did not move to withdraw his plea or to vacate the judgment of conviction on that ground" (*People v Epps*, 109 AD3d 1104, 1105; *see People v Viele*, 124 AD3d 1222, 1223; *People v Predmore*, 68 AD3d 1755, 1756, *lv denied* 14 NY3d 804). In any event, we conclude that defendant's contention is without merit. An order revoking a pistol permit, like an order of protection, "is not a part of [a] defendant's sentence" (*People v Lilley*, 81 AD3d 1448, 1448, *lv denied* 17 NY3d 860; *see People v Nieves*, 2 NY3d 310, 316), and thus the revocation of defendant's pistol permit did not entitle him to an opportunity to withdraw his plea.

Entered: May 8, 2015                         Frances E. Cafarell
                                             Clerk of the Court