# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1277**
**KA 15-00993**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STEPHEN KACZMAREK, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TAHERI & TODORO, PC, WILLIAMSVILLE (BRIAN J. HUTCHISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered December 17, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the second degree (Penal Law § 215.50 [3]). In appeal No. 2, defendant appeals from a judgment revoking a sentence of probation imposed upon his conviction of criminal possession of a weapon in the fourth degree (§ 265.01 [1]) and imposing a sentence of incarceration upon defendant's admission that he violated the conditions of his probation. Defendant's contention in appeal No. 1 that Supreme Court erred in enhancing his sentence without affording him the opportunity to withdraw his plea is not encompassed by his waiver of the right to appeal (*see People v Joyner*, 19 AD3d 1129, 1129), but defendant failed to preserve that contention for our review inasmuch as he failed to object to the alleged enhanced sentence and did not move to withdraw his plea or to vacate the judgment of conviction on that ground (*see People v Viele*, 124 AD3d 1222, 1223; *People v Epps*, 109 AD3d 1104, 1105). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Defendant's challenge to the severity of the sentence in both appeals is foreclosed by his waiver of the right to appeal inasmuch as the court advised defendant of the maximum sentence it could impose before defendant waived his right to appeal (*see People v*

*Lococo*, 92 NY2d 825, 827; *cf. People v Mingo*, 38 AD3d 1270, 1271).