■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK WHITE, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Rotker, J.), both rendered July 18, 1985, convicting him of attempted criminal possession of stolen property in the first degree under indictment No. 1786/84, upon his plea of guilty, and sentencing him to an indeterminate term of 2 to 4 years' imprisonment, and convicting him of attempted burglary in the third degree under indictment No. 4380/84, upon his plea of guilty, and sentencing him to an indeterminate term of 1½ to 3 years' imprisonment to run consecutively to the sentence imposed on indictment No. 1786/84.

Ordered that the judgment rendered on indictment No. 1786/84 is modified by reducing the sentence imposed thereon to an indeterminate term of 1¾ to 3½ years' imprisonment; as so modified that judgment is affirmed; and it is further,

Ordered that the judgment rendered on indictment No. 4380/84 is modified by deleting the provision that the sentence imposed thereunder shall run consecutively to that imposed on indictment No. 1786/84 and substituting therefor a provision that the sentence shall run concurrently; as so modified that judgment is affirmed.

The transcript of the minutes of the proceedings at which the defendant entered his guilty pleas do not indicate that the defendant was told, nor can it be implied therefrom that he understood, that if he failed to appear on the date scheduled

for sentencing or was arrested for a subsequent offense, the court could impose a harsher sentence than the concurrent indeterminate terms of imprisonment promised to him in consideration of his guilty pleas. Even though the defendant failed to appear for sentencing and was subsequently arrested for a misdemeanor, the sentencing court could not impose sentences greater than the ones bargained for without first affording defendant an opportunity to withdraw the pleas and stand trial *(see, People v Cook,* 130 AD2d 503; *People v Annunziata,* 105 AD2d 709). Since the indictments under which the prosecutions arose are now more than four years old, it would prejudice the People to allow the defendant to withdraw his pleas and go to trial. Accordingly, the sentence imposed under indictment No. 4380/84 should be reduced to conform with the plea agreement, as requested in the defendant's brief on appeal *(People v Annunziata,* 105 AD2d 709, *supra).*

We have reviewed defendant's other contention and find it to be without merit. Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.