■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARBIL C., Also Known as ARGIL C., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.) rendered November 20, 1991, adjudicating him a youthful offender, upon his plea of guilty to criminal possession of stolen property in the fourth degree, and imposing sentence of an indeterminate term of one to three years imprisonment.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith. No questions of fact have been raised or considered.

The transcript of the minutes of the defendant's plea of

guilty does not indicate that the defendant was told, nor can it be implied therefrom, that if he were subsequently arrested or failed to appear on the date scheduled for sentencing, the court could impose a harsher sentence than the six months imprisonment to run concurrent with, and as a condition of, five years probation promised to him in consideration of his guilty plea. Thus, even though the defendant was subsequently arrested and failed to appear for sentencing, the sentencing court could not impose a sentence greater than that bargained for without first affording the defendant an opportunity to withdraw the plea and stand trial (see, *People v White*, 144 AD2d 711; *People v Cook*, 130 AD2d 503).

We note that the defendant waived his right to appellate review of any ensuing judgment when he pleaded guilty. Because the court did not advise the defendant at the time he pleaded guilty that he faced an enhanced sentence under certain conditions, the defendant's waiver of appellate review on that ground was not knowingly or intelligently made. Thus, the waiver did not preclude the defendant from seeking appellate review.

Accordingly, we remit the matter to the Supreme Court, Queens County, to afford it the opportunity to either impose the promised sentence or permit the defendant to withdraw his plea of guilty. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.