■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO ROSA, Appellant. [599 NYS2d 608] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered July 9, 1992, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence of an indeterminate term of 5 to 15 years imprisonment.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, to give the defendant an opportunity to withdraw his plea.

The transcript of the minutes of the defendant's plea of guilty does not indicate that the defendant was told, nor can it

be implied therefrom, that if he were subsequently arrested or failed to appear on the date scheduled for sentencing, the court could impose a harsher sentence than the promised sentence of one-day imprisonment and five years probation. Thus, even though the defendant was subsequently arrested and failed to appear for sentencing, the sentencing court could not impose a sentence greater than that bargained for without first affording the defendant an opportunity to withdraw the plea and stand trial *(see, People v Arbil C.,* 190 AD2d 856; *People v White,* 144 AD2d 711). Indeed, at sentencing the defendant attempted to negotiate a new plea agreement, but was precluded from doing so when the court imposed sentence without allowing the defendant to confer with counsel assigned with respect to his new arrest.

In view of the foregoing, we need not reach the defendant's other contention. Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.