■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA LESLIE, Appellant. [604 NYS2d 798] —Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Richmond County (Felig, J.), imposed October 23, 1992, the sentence being an indeterminate term of 1 to 3 years imprisonment, upon his conviction of rape in the third degree, upon his plea of guilty.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the Supreme Court, Richmond County,

for further proceedings in accordance herewith, and for further proceedings pursuant to CPL 460.50 (5).

On August 11, 1992, the defendant pleaded guilty to rape in the third degree. At the time of the plea, the court agreed to sentence the defendant to a period of probation, subject to withdrawal of the plea at the defendant's request if the court learned facts from the presentence report which would make probation inappropriate. The court's sentencing commitment was also conditioned, *inter alia,* upon the defendant not being "arrested for the commission of any other crime". One month after the defendant's plea of guilty, however, he was rearrested for the crime, *inter alia,* of rape in the first degree. Although the defendant denied that he had committed the crimes for which he was rearrested and challenged the validity of the charges, the court, without conducting an inquiry, concluded that the defendant had violated the terms of the plea agreement, and that it was no longer bound by its promise to impose a probationary sentence. The court then sentenced the defendant to a term of 1 to 3 years of imprisonment.

On appeal, the defendant contends that the Supreme Court erred in failing to conduct an inquiry to determine the existence of a legitimate basis for the defendant's postplea arrest. We agree. As the Court of Appeals has held, "[w]hen an issue is raised concerning the validity of the postplea charge or there is a denial of any involvement in the underlying crime, the court must conduct an inquiry at which the defendant has an opportunity to show that the arrest is without foundation" *(People v Outley,* 80 NY2d 702, 713). Accordingly, as the People concede, the defendant's sentence must be reversed, and the matter remitted to the Supreme Court for the purpose of conducting an inquiry in accordance with *People v Outley (supra),* and resentencing. Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.