■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARISTOTLE WIMPLE, Appellant. [604 NYS2d 163] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Tomei, J.), rendered September 30, 1992, convicting him of criminal possession of a weapon in the third degree under Indictment No. 12600/91, upon his plea of guilty, and imposing sentence, (2) an amended judgment of the same court, also rendered September 30, 1992, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree under Indictment No. 17443/89, and (3) a judgment of the same court (Pincus, J.), rendered October 8, 1992, convicting him of criminal sale of a controlled substance in the fifth degree under Indictment No. 9908/92, upon his plea of guilty, and imposing sentence.

Ordered that the judgment rendered under Indictment No. 12600/91 is modified, by vacating the sentence imposed thereunder; as so modified, that judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that the amended judgment rendered under Indictment No. 17443/89 is reversed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that the judgment rendered under Indictment No. 9908/92 is affirmed.

On July 20, 1992, as part of a negotiated agreement, the defendant entered a plea of guilty to criminal possession of a weapon in the third degree in full satisfaction of Indictment No. 12600/91, and he admitted a violation of the conditions of his sentence of probation previously imposed under Indictment No. 17443/89. The court promised the defendant a sentence of one year imprisonment under Indictment No. 12600/91, to run concurrent with a promised sentence of one year imprisonment on the violation of probation under Indictment No. 17443/89. Prior to the imposition of sentences under

that agreement, the defendant was arrested and charged under Indictment No. 9908/92 with various narcotics offenses. When the court found that the defendant had been arrested and charged under Indictment No. 9908/92, it decided to impose harsher sentences under both Indictment No. 12600/91 and Indictment No. 17443/89 than previously agreed. However, it failed to afford the defendant the opportunity to withdraw his plea of guilty and admission of a violation of probation under those indictments.

The transcript of the minutes of the plea proceedings of July 20, 1992, does not indicate that the defendant was told, nor can it be implied therefrom, that he understood, that if he were rearrested prior to the date scheduled for sentencing, the court could impose harsher sentences than the two concurrent terms of one year imprisonment which he was promised without first allowing him an opportunity to withdraw the plea of guilty and admission of a violation of probation and stand trial (see, People v Outlaw, 157 AD2d 677; People v White, 144 AD2d 711; People v Annunziata, 105 AD2d 709).

When the court learned that the defendant had been rearrested, it should have afforded him the opportunity to either withdraw his plea of guilty under Indictment No. 12600/91 or to accept the harsher sentence under that indictment. Accordingly, we vacate the sentence imposed under Indictment No. 12600/91 and remit the matter to the Supreme Court to permit the defendant to either withdraw his plea of guilty or to accept the harsher sentence. Moreover, since the defendant's conviction of a violation of probation under Indictment No. 17443/89 was based upon his conviction under Indictment No. 12600/91, the judgment imposed under Indictment No. 17443/89 is reversed, and that matter is remitted to the Supreme Court for further proceedings after the defendant decides to either withdraw his plea of guilty under Indictment No. 12600/91 or to accept the harsher sentence offered under that indictment (see, People v Michael, 190 AD2d 758).

We also conclude that the defendant's waiver of his right to appeal was conditioned on the premise that the sentence which would ultimately be imposed would be the promised sentence. Under the circumstances, this waiver should not be enforced (see, People v Prescott, 196 AD2d 599).

We have examined the defendant's remaining contentions with regard to the sentences imposed under Indictments Nos. 12600/91 and 17443/89 and find that they are either academic in light of our disposition of the appeals, or without merit.

The defendant further contends that the sentence with regard to Indictment No. 9908/92 should be reduced to no more than one year if the sentences imposed with regard to the other two indictments are so modified. We disagree. At the time the defendant pleaded guilty with respect to Indictment No. 9908/92, he had not been rearrested, and everyone was under the impression that the defendant was to receive a sentence of concurrent definite terms of one year imprisonment with regard to the other two indictments. Nevertheless, the court promised to impose a sentence of an indeterminate term of 1½ to 4½ years imprisonment with regard to Indictment No. 9908/92, concurrent with the sentences imposed under the other two indictments. This was the sentence which was ultimately imposed. Thus, the defendant's argument is without merit. Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.