■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK J. MILO, Appellant. [654 NYS2d 146] —Appeal by the defendant from a judgment of the County Court, Suffolk County

(Cacciabaudo, J.), rendered March 18, 1996, convicting him of operating a motor vehicle under the influence of alcohol, as a felony, and aggravated unlicensed operation of a motor vehicle in the first degree, upon his plea of guilty, and sentencing him to two consecutive indeterminate terms of one to three years imprisonment.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing in accordance herewith.

The court erred by imposing consecutive terms of incarceration *(see, People v Clemens,* 177 AD2d 1053). The matter must, therefore, be remitted to the County Court, Suffolk County, for resentencing.

For the purpose of resentencing, we note that it is well settled that a court has the power to impose a more severe sentence on a defendant who has been appropriately warned of the consequences of his failure to appear for sentencing *(see, People v Michael,* 190 AD2d 758). Here, the minutes of the proceedings on the defendant's plea do not indicate whether he was told that if he failed to appear for sentencing on the scheduled date the court could impose a harsher sentence than that which was promised, nor can this information be inferred from the record. The court therefore erred in denying the defendant's motion to withdraw his plea of guilty *(see, People v McKinney,* 215 AD2d 407). However, in light of the defendant's request, on appeal, for a reduction of the sentence to the terms initially promised rather than an opportunity to withdraw his plea, and the prosecution's acquiesence to such a remedy, the defendant should be resentenced in accordance with the terms of the plea agreement. Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.