OPINION OF THE COURT
Dan Lamont, J.
The issue presented is whether this court may impose consecutive indeterminate sentences of imprisonment upon the defendant following his convictions after trial of the crimes of driving while intoxicated (DWI) as a class E felony and aggravated unlicensed operation in the first degree, a class E felony.
The Appellate Division, Second Department, and the Appellate Division, Fourth Department, have each held that consecutive indeterminate sentences of imprisonment for felony driving while intoxicated and aggravated unlicensed operation in the first degree violate the provisions of Penal Law § 70.25 (2) (see, People v Milo, 235 AD2d 552 [2d Dept 1997]; People v Clemens, 177 AD2d 1053 [4th Dept 1991]). Those appellate determinations are certainly very highly persuasive, but not absolutely binding upon this court — particularly in light of the decision of the Appellate Division, Third Department, in People v Warren (186 AD2d 854 [3d Dept 1992]), wherein the court unanimously affirmed consecutive definite sentences of imprisonment of 360 days for driving while intoxicated and 150 days for aggravated unlicensed operation in the second degree as not harsh and excessive — without specifically addressing the provisions of Penal Law § 70.25 (2).
BACKGROUND
The defendant herein was convicted after trial of the crimes of driving while intoxicated as a class E felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) and aggravated unlicensed operation of a motor vehicle in the first degree, a class E felony (Vehicle and Traffic Law § 511 [3]), committed on December 12, 1996. The defendant has been previously convicted of driving with ability impaired (Vehicle and Traffic Law § 1192 [1]) in March 1984, in October 1986, and in March 1989; and has been convicted of misdemeanor driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and aggravated unlicensed operation in the second degree (Vehicle and Traffic Law § 511 [2]) in February 1989. The abstract of driving record made part of the special information attached to the indictment (see, CPL 200.60; see also, People v Cooper, 78 NY2d 476 [1991]) indicates *348 that the defendant’s driver’s license has continually been suspended/revoked as follows: July 22, 1986, refusal of chemical test; October 8,1986, driving while ability impaired (Vehicle and Traffic Law § 1192 [1]); November 23, 1988, refusal of chemical test; December 28, 1988, driving while ability impaired (Vehicle and Traffic Law § 1192 [1]); and February 8, 1989, driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). The defendant has not possessed a valid New York State driver’s license for at least 10 years.
The defendant also has misdemeanor convictions for criminal impersonation, second degree (1989 and 1991), forgery, third degree (1989), and obstructing governmental administration (1989). In October 1993, the defendant pleaded guilty in Federal District Court to conspiracy to distribute cocaine, conspiracy to commit bankruptcy fraud, and conspiracy to commit mail fraud, and in February 1994, he was sentenced to four years in Federal prison followed by three years of supervised parole. The defendant was on Federal parole when he committed the crimes for which he is to be sentenced by this court. The defendant is also currently under indictment in County Court, Albany County, for felony scheme to defraud and grand larceny charges.
Therefore, retribution and separation, as well as deterrence and rehabilitation, are legitimate considerations and objectives of the sentence to be imposed by this court. Although driving while intoxicated is sometimes referred to as a “victimless crime”, the societal costs and the individual suffering and tragedy caused by drunken and impaired drivers who are involved in accidents are clearly enormous.
THE LAW
Penal Law § 70.25 (2) provides in applicable part that: “When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and was also a material element of the other, the sentences * * * must run concurrently.” (Emphasis supplied.)
A person who operates a motor vehicle while in an intoxicated condition is guilty of a misdemeanor (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [b]). If that same person has a prior conviction for a violation of Vehicle and Traffic Law § 1192 (2), (3) or (4) within the preceding 10 years, the crime is elevated to a class E felony (Vehicle and Traffic Law § 1193 [1] [c]).
*349 A person who operates a motor vehicle while knowing or having reason to know that such person’s license or privilege of operating such motor vehicle in this State is suspended or revoked and the suspension or revocation is based upon a refusal to submit to a chemical test or for a violation of any of the provisions of section 1192 is guilty of aggravated unlicensed operation in the second degree (Vehicle and Traffic Law § 511
). If that same person is driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), or while intoxicated (Vehicle and Traffic Law § 1192 [3]), the crime is elevated to the felony of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]), a class E felony.
The Legislature of this State has thus made it a class E felony to: (1) drive while intoxicated with a prior conviction for driving while intoxicated within the preceding 10 years; and has also made it a felony to: (2) drive while ability impaired and while knowing that one’s license has been revoked or suspended based upon a refusal to submit to a chemical test or upon a conviction for a violation of any of the provisions of Vehicle and Traffic Law § 1192.
The elements of driving while intoxicated as a class E felony are: (1) operating a motor vehicle upon the public highway; (2) while in an intoxicated condition; and (3) after having been convicted of a violation of subdivision (2), (3) or (4) of section 1192 of the Vehicle and Traffic Law within the preceding 10 years.
The elements of aggravated unlicensed operation of a motor vehicle in the first degree are: (1) operating a motor vehicle on the public highway; (2) while the person’s ability to operate such motor vehicle is impaired by the consumption of alcohol;
(3) while knowing or having reason to know that such person’s license or privilege of operating a motor vehicle in this State is suspended or revoked by the Commissioner; and (4) the suspension or revocation is based upon a refusal to submit to a chemical test pursuant to Vehicle and Traffic Law § 1194 or upon a conviction or a violation of any of the provisions of Vehicle and Traffic Law § 1192.
DISCUSSION
The Legislature has prescribed increased penalties for: (1) those who drive while intoxicated having been convicted of driving while intoxicated more than once within the previous 10 years (Vehicle and Traffic Law § 1193 [1] [c] [ii]), a class D felony; (2) those who drive while intoxicated having been *350 convicted of driving while intoxicated once within the previous 10 years (Vehicle and Traffic Law § 1192 [1] [c] [i]), a class E felony; and (3) those who drive while ability impaired who have had their licenses suspended or revoked based upon a prior refusal to take a breath test or for a prior conviction under Vehicle and Traffic Law § 1192 (Vehicle and Traffic Law § 511 [3]), a class E felony.
Thus, a person who knows or has reason to know that his license to drive in this State is suspended or revoked for refusal to submit to a chemical test and thereafter operates a motor vehicle while ability impaired is guilty of a felony. The clear intent of the Legislature is to penalize on a felony level those who drive knowing that their license to drive has been suspended or revoked based upon a refusal or a Vehicle and Traffic Law § 1192 conviction and while their ability is impaired by the consumption of alcohol. Furthermore, the clear intent of the Legislature is to also penalize on a felony level those who drive while intoxicated and who have a prior conviction for driving while intoxicated within the preceding 10 years.
When both of those prior circumstances based upon prior acts or omissions are established in the same criminal case, this court believes that the Legislature of this State could not have intended that one or the other of the resulting class E felony convictions would essentially constitute a “freebie” for which no additional punishment can be imposed. Put another way, is it reasonable or logical or sensible that it makes no difference whether a person guilty of aggravated unlicensed operation in the first degree is: (1) impaired by consumption of alcohol; or (2) in an intoxicated condition; or (3) in an intoxicated condition with a prior conviction for driving while intoxicated within the preceding 10 years? Or is it logical or sensible that it makes no difference whether or not a person guilty of felony driving while intoxicated does or does not have a driver’s license, and also makes no difference that the person knew that his driver’s license was suspended or revoked based upon a prior act or conduct involving a refusal to submit to a chemical test and/or a prior conviction under Vehicle and Traffic Law § 1192?
One crystal clear example of the New York Legislature’s intent to punish more severely a person who operates a motor vehicle while intoxicated and while knowing that his license or privilege of operating a motor vehicle in this State is suspended or revoked and the suspension or revocation is based upon a refusal to submit to a chemical test or a violation of any of the *351 provisions of Vehicle and Traffic Law § 1192 is the crime of vehicular manslaughter in the first degree, Penal Law § 125.13, a class C felony, bearing a maximum indeterminate sentence of 15 years in State prison. Take away the aggravated unlicensed operation component, and the crime becomes vehicular manslaughter in the second degree, Penal Law § 125.12, a class D felony, bearing a maximum indeterminate sentence of seven years. Both crimes involve causing the death of another person with criminal negligence by driving while intoxicated.
A person who drives on the public highway knowing that his license is suspended or revoked based upon a past refusal to submit to a chemical test or for a violation of Vehicle and Traffic Law § 1192 (1), (2), (3) or (4), carries that “baggage” (a prior act or omission) with him or her. A person who operates a motor vehicle upon the public highway who has a prior DWI conviction within the preceding 10 years carries that “baggage” (a prior act or omission) with him or her. If such a person’s ability to operate a motor vehicle is impaired by consumption of alcohol, he or she is guilty of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and aggravated unlicensed operation in the first degree, a class E felony. If that person is in an intoxicated condition, then he or she is guilty of driving while intoxicated as a felony and aggravated unlicensed operation in the first degree, a felony.
CONCLUSIONS OF LAW
I. Not committed through a single act or omission.
Driving while ability impaired by consumption of alcohol and/or driving while intoxicated clearly constitute a single act or omission; however, a prior DWI conviction within 10 years apart from the single act of driving while intoxicated elevates that misdemeanor crime to a felony. Similarly, the suspension or revocation of a person’s license based upon a prior refusal to submit to a chemical test or prior conviction under any of the subdivisions of Vehicle and Traffic Law § 1192 followed by the single act of driving while ability impaired by consumption of alcohol serves to elevate that offense (a traffic infraction) to a felony.
This defendant’s present conviction for felony driving while intoxicated arises from his driving while intoxicated on December 12, 1996, and from his entirely separate act or omission within the preceding 10 years (a prior driving while *352 intoxicated conviction on February 2, 1989) — which raises the present driving while intoxicated conviction to a felony grade. Also, the multiple revocations of this defendant’s driver’s license and privilege of operating a motor vehicle in this State based upon prior refusals to submit to a chemical test and upon prior convictions for violations of the provisions of Vehicle and Traffic Law § 1192 arises from several entirely separate and prior acts or omissions. In this case, the defendant has not possessed a New York State driver’s license since 1986 — following which he has had multiple arrests and convictions for driving while ability impaired, driving while intoxicated, and aggravated unlicensed operation of a motor vehicle, and also following which he has had multiple suspensions and/or revocations of his license or privilege to drive in New York State.
This court holds and determines that driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the first degree are not committed through a single act or omission. When a single act or omission violates separate and distinct statutes defining a felony — but in each case, based also upon prior acts or omissions, or at the very least based upon prior circumstances which occur as a direct result of prior acts or omissions — this court holds and determines that consecutive indeterminate sentences of imprisonment may be imposed without violating Penal Law § 70.25 (2).
In short, driving while intoxicated as a felony and aggravated unlicensed operation in the first degree cannot be committed through a single act or omission because driving while intoxicated as a felony requires a prior conviction for a separate act which constitutes a crime, and aggravated unlicensed operation in the first degree requires a prior suspension or revocation of such person’s driver’s license based upon a separate act consisting of a refusal to submit to a chemical test or a prior conviction under Vehicle and Traffic Law § 1192.
II. Not committed through an act or omission which in itself constituted one of the offenses and was also a material element of the other.
Driving while ability impaired is an element of aggravated unlicensed operation in the first degree. Driving while in an intoxicated condition can also be an element of aggravated unlicensed operation in the first degree. Driving while intoxicated as a felony is not an element of aggravated unlicensed operation in the first degree.
Therefore, this court further holds and determines that driving while intoxicated as a felony is not an act or omission which *353 in itself constituted one of the offenses and was also a material element of aggravated unlicensed operation of a motor vehicle in the first degree. This court reasons that the act of driving while ability impaired, or driving while intoxicated as a misdemeanor, alone raises the crime of aggravated unlicensed operation of a motor vehicle to the first degree class E felony grade. In this case, the defendant was convicted of driving while intoxicated as a felony, based upon a prior conviction for driving while intoxicated on February 2, 1989, in Niskayuna Town Court.
CONCLUSION
This court holds and determines that it may impose consecutive indeterminate sentences of imprisonment upon the defendant upon his convictions of driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the first degree without violating the provisions of Penal Law § 70.25 (2). Upon his conviction under count one of the crime of driving while intoxicated as a felony in violation of Penal Law § 1192 (3) and § 1193 (1) (c), the defendant is sentenced to an indeterminate sentence of imprisonment having a maximum term of 4 years and the court fixes a minimum term of imprisonment of 1 year and 4 months; and upon his conviction under count two of the crime of aggravated unlicensed operation of a motor vehicle in the first degree in violation of Vehicle and Traffic Law § 511 (3), a class E felony, the defendant is sentenced to an indeterminate sentence of imprisonment having a maximum term of 4 years and the court hereby imposes a minimum period of imprisonment, of 1 year and 4 months; and it is the further judgment of this court that the indeterminate sentences of imprisonment imposed upon count one and count two shall be served consecutively, resulting in an indeterminate sentence of imprisonment having a maximum term of 8 years and a minimum term of 2 years and 8 months.