■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN CURCIO, Appellant. [714 NYS2d 512] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Alamia, J.), rendered January 6, 1999, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing in accordance herewith.

The transcript of the defendant's plea proceeding does not indicate that the defendant was told, and it cannot be implied therefrom that he understood, that if he failed to appear for sentencing the County Court could impose a harsher sentence than that which was promised. Accordingly, even though the defendant failed to appear for sentencing, the County Court could not impose a sentence greater than that for which the defendant had bargained without first affording him an opportunity to withdraw his plea and stand trial (*see, People v Milo,* 235 AD2d 552; *People v Calendar,* 227 AD2d 639; *People v Hodge,* 207 AD2d 845; *People v Rosa,* 194 AD2d 755). The

County Court therefore erred when it denied the defendant's motion to withdraw his plea of guilty.

However, in light of the defendant's request on appeal for a reduction of the sentence to the term initially promised rather than an opportunity to withdraw his plea, and the prosecution's acquiescence to such a remedy, the defendant should be resentenced in accordance with the terms of the plea agreement (see, People v Milo, supra). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.