■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RUTIGLIANO, Appellant. [717 NYS2d 295] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Irizarry, J.), dated September 28, 1999, which denied his motion, pursuant to CPL 440.20, to vacate a sentence imposing a term of imprisonment of 4 to 12 years, upon a judgment of the same court, rendered June 9, 1998, convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

Ordered that the order is reversed, on the law, the sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The defendant contends that the Supreme Court erred in imposing an enhanced sentence because he was slightly late in appearing at his original sentencing proceeding on May 18, 1998. We agree. The record of the defendant's plea proceeding does not substantiate the People's assertion that the defendant knew he was to appear for sentencing at 9:30 A.M. on the appointed sentencing date. Similarly, the record does not substantiate the sentencing court's conclusion that the defendant had been given "explicit instructions" to appear for sentencing at 11:15 A.M. on the appointed date. Thus, when the defendant appeared "late in the morning on the date of sentence," the court was not authorized to impose an enhanced sentence in excess of a term of imprisonment of $1^{1}/_{4}$ to $3^{3}/_{4}$ years agreed upon pursuant to the plea agreement, without affording the defendant the opportunity to withdraw his plea of guilty (*see, People v Curcio,* 276 AD2d 639; *People v Milo,* 235 AD2d 552; *People v Calendar,* 227 AD2d 639; *People v McKinney,* 215 AD2d 407; *People v Hodge,* 207 AD2d 845). Accordingly, the matter is remitted for the Supreme Court, Kings County, to impose the agreed-upon sentence, or for the defendant to be permitted to withdraw his plea of guilty (*see, People v Michael,* 190 AD2d 758). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.