■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTIAGO, Appellant. [734 NYS2d 87] —Appeal by the defendant from three judgments of the Supreme Court, Kings County (D'Emic, J.), all rendered May 13, 1999, convicting him of attempted assault in the second degree under Indictment No. 5529/98, criminal contempt in the first degree (two counts, one each as to Indictment Nos. 9731/98 and 10800/98), and criminal contempt in the second degree (two counts, one each as to Indictment Nos. 9731/98 and 10800/98), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The transcript of the defendant's plea proceeding does not indicate that he was told, and it cannot be implied therefrom that he understood, that if he contacted the complainant, the Supreme Court could impose harsher sentences than those promised. Accordingly, although the defendant contacted the complainant and thereby violated an order of protection, the Supreme Court could not impose sentences greater than those for which the defendant had bargained, without first affording him an opportunity to withdraw his pleas (*see, People v Curcio,* 276 AD2d 639; *People v Fabian,* 240 AD2d 591; *People v Calendar,* 227 AD2d 639). O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.