■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RUIZ, Appellant. [766 NYS2d 57] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Farneti, J.), rendered October 16, 2001, convicting him of robbery in the first degree, upon his plea of guilty (Sherman, J.), and sentencing him to an indeterminate term of 6 to 18 years' imprisonment.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed thereon to an indeterminate term of 3⅓ to 10 years' imprisonment; as so modified, the judgment is affirmed.

The transcript of the minutes of the proceedings at which the defendant entered his plea of guilty does not indicate that the defendant was told, nor can it be implied therefrom, that he understood that if he failed to appear on the date scheduled for sentencing or was arrested for a subsequent offense, the sentencing court could impose a harsher sentence than the indeterminate 3⅓ to 10-year sentence promised to him in consideration of his guilty plea. Even though the defendant failed to appear for sentencing and was subsequently arrested in another state, the sentencing court could not impose a sentence greater than the one bargained for without first affording the defendant an opportunity to withdraw the plea and stand trial (*see People v Arbil C.,* 190 AD2d 856 [1993]; *People v White,* 144 AD2d 711 [1988]; *People v Cook,* 130 AD2d 503 [1987]; *People v Annunziata,* 105 AD2d 709 [1984]). Since the indictment under which the prosecution arose is now more than 12 years old, it would prejudice the People to allow the defendant to withdraw his plea and go to trial. Accordingly, the sentence should be reduced to conform with the plea agreement, as requested in the defendant's brief on appeal (*see*

*People v White, supra).* Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.