■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DECHANELLE STEWART, Appellant. [820 NYS2d 606]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered September 13, 2004, convicting her of attempted criminal sale of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, to afford the defendant an opportunity to withdraw her plea of guilty.

The County Court imposed an enhanced sentence based on the fact that the defendant was arrested on unrelated charges after the plea proceeding. However, the transcript of the plea proceeding does not indicate that the defendant was told that, if she were to be arrested on another charge, the County Court might impose a sentence more severe than that to which she had agreed at the time of her plea of guilty. The defendant is not entitled to specific performance of the plea agreement that she seeks (*see People v Rubendall*, 4 AD3d 13, 19 [2004]), but in these circumstances an enhanced sentence should not have been imposed without affording the defendant an opportunity to withdraw her plea (*see People v Brothers*, 20 AD3d 486, 486-487 [2005]; *People v Calendar*, 227 AD2d 639, 639-640 [1996]; *People v Hodge*, 207 AD2d 845 [1994]; *People v Rosa*, 194 AD2d 755, 755-756 [1993]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.