THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DELGADO, Appellant. [846 NYS2d 166]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered June 10, 2005, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

The court properly determined that defendant had breached his plea agreement and forfeited his opportunity for a more lenient disposition. At the time of the plea, the court told defendant that he would be allowed to replead to criminal possession of a weapon in the third degree and would be sentenced to four years if he did not commit any crime between the plea and sentence dates. The court did nothing to suggest that defendant would only violate the plea agreement by being *convicted* of a crime before the sentence date. While awaiting sentence, defendant was arrested on new charges. The sentencing court did not rely merely on the fact that defendant had been rearrested. Instead, it read the grand jury minutes relating to the new charges and properly determined that defendant had committed a crime, thus violating his plea agreement. In any event, we note that defendant subsequently pleaded guilty under the new indictment.

The court did not rely on any impermissible factors in sentencing defendant to seven years, and we perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Friedman, Williams and Buckley, JJ.