■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASHON MUHAMMAD, Appellant. [851 NYS2d 601]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered February 24, 2006, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the sentence is vacated, and the matter is remitted to the County Court, Suffolk County, to afford the defendant an opportunity to withdraw his plea of guilty.

The County Court imposed an enhanced sentence on the grounds that the defendant did not report to the Probation

Department and failed to appear on the scheduled sentencing date. The transcript of the plea proceeding does not indicate that the defendant was told, nor can it be implied therefrom that he understood, that if he failed to maintain contact with the Probation Department or failed to appear on the date scheduled for sentencing, the County Court could impose a sentence more severe than the one to which he had agreed at the time of his plea of guilty. Although the defendant is not entitled to specific performance of the plea agreement, at least as to the sentence that was promised (*see People v Stewart*, 32 AD3d 403 [2006]; *People v Rubendall*, 4 AD3d 13, 19 [2004]), under the circumstances of this case an enhanced sentence should not have been imposed without affording the defendant an opportunity to withdraw his plea (*see People v Brothers*, 20 AD3d 486, 486-487 [2005]; *People v Calendar*, 227 AD2d 639, 639-640 [1996]; *People v Hodge*, 207 AD2d 845 [1994]).

Contrary to the People's contention, the defendant's waiver of his right to appeal does not extend to the imposition of the enhanced sentence (*see People v Dickerson*, 208 AD2d 946 [1994]; *People v Wimple*, 198 AD2d 464, 465 [1993]; *People v Arbil C.*, 190 AD2d 856, 857 [1993]). Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.