■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ARMSTEAD, Appellant. [852 NYS2d 313]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chin-Brandt, J.), rendered March 11, 2004, convicting him of robbery in the second degree and petit larceny, upon his plea of guilty, and imposing sentence. By decision and order dated December 12, 2006, this Court remitted the matter to the Supreme Court, Queens County, to hear and report on the issues of whether the defendant voluntarily entered into a valid cooperation agreement with the People, and whether the defendant breached the terms of the cooperation agreement, and the appeal was held in abeyance in the interim (*see People v Armstead*, 35 AD3d 624 [2006]). The Supreme Court has filed its report.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to robbery in the second degree and petit larceny pursuant to the terms of a cooperation agreement he entered into with the Office of the Queens County District Attorney (hereinafter the District Attorney) to provide assistance in a pending murder prosecution. The agreement provided for a very favorable resolution of the charges at bar and other charges upon the successful completion of its terms. If the defendant failed to cooperate or "commit[ted] any further crimes," the agreement, inter alia, subjected the defendant to an enhanced sentence on the robbery charge. At sentencing, the People asserted that the defendant breached the agreement by being indicted for a subsequent crime and sought an enhanced sentence on the robbery charge pursuant to the agreement. In response, defense counsel moved to be relieved, noting that the defendant was going to be "filing a claim" against him, and was now claiming, among other things, that he had been coerced or misled into signing the agreement. After the motion was denied, the defendant denied that he had entered into an agreement providing for an enhanced sentence or that he had "committed" a subsequent crime. The Supreme Court rejected the defendant's arguments and imposed an enhanced sentence on the robbery

charge "per the agreement." On appeal, this Court, finding that the defendant was denied the effective assistance of counsel at his sentencing, and that the statements made at sentencing raised issues as to the knowing, voluntary, and intelligent nature of the plea, and as to the cooperation agreement and whether it was breached, remitted the matter to the Supreme Court, Queens County, to hear and report. The Supreme Court has filed its report. We affirm.

At the hearing upon remittitur, the defendant did not present any evidence in support of his assertion that he was never shown the entire cooperation agreement and, therefore, did not understand its terms, particularly the provision providing for an enhanced sentence should he commit a further crime. By contrast, the People presented evidence that the defendant discussed the cooperation agreement with his attorney in private, and that the agreement was signed only after the defendant, his attorney, and an Assistant District Attorney "read it line [by] line and it's read out loud." Further, in the agreement itself, the defendant represented that he had read the entire agreement and discussed it with his attorney. In light of this evidence, we find no merit to the defendant's contention that he did not understand or agree to the terms of the cooperation agreement, and, therefore, that his plea of guilty entered thereon was not knowing, voluntary, and intelligent (see generally People v Rusielewicz, 45 AD3d 704 [2007]).

Further, contrary to the defendant's contention, the Supreme Court properly found that the defendant breached the terms of the cooperation agreement by committing a subsequent crime (see People v Delgado, 45 AD3d 496 [2007]). In fact, at the time of the hearing, the defendant had already pleaded guilty and been sentenced with respect to the subsequent crime.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are without merit or have been rendered academic by our determination. Mastro, J.P., Rivera, Spolzino and Lifson, JJ., concur.