■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAKIM NEWSON, Appellant. [917 NYS2d 202]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered May 20, 2008, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the sentence is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The Supreme Court imposed an enhanced sentence based on the fact that the defendant was arrested on unrelated charges after the plea proceeding. However, the minutes of the plea proceeding do not indicate that the defendant was told, nor can it be inferred that he understood, that if he were to be merely arrested on another charge, the Supreme Court might impose a sentence more severe than that to which he had agreed at the time of his plea of guilty. The express condition that the defendant avoid committing a crime is different from a no-arrest condition (*see People v Armstead*, 48 AD3d 694, 695 [2008] ["the Supreme Court properly found that the defendant breached the terms of the cooperation agreement *by committing a subsequent crime*" (emphasis added)]; *People v Delgado*, 45 AD3d 496 [2007]; *see generally People v Outley*, 80 NY2d 702, 712-713 [1993] [distinguishing between condition that defendant "*not be( ) arrested*" for a crime and condition that defendant "*not actually commit( ) a crime*"]). Thus, even though the defendant was subsequently arrested, the sentencing court could not impose a sentence greater than the negotiated sentence without first affording the defendant an opportunity to withdraw the plea and stand trial (*see People v Ruiz*, 309 AD2d 883 [2003]; *People v Muhammad*, 47 AD3d 951 [2008]; *People v Stewart*, 32 AD3d 403 [2006]; *People v McKinney*, 215 AD2d 407, 408 [1995]; *People v Arbil C.*, 190 AD2d 856, 857 [1993]; *People v Michael*, 190 AD2d 758 [1993]; *People v White*, 144 AD2d 711, 712 [1988]).

Furthermore, the defendant correctly contends that his due process rights were violated at sentencing. Although the defendant challenged the validity of the arrest, the Supreme Court, despite the defendant's specific request, failed to conduct any inquiry into "the existence of a legitimate basis for the arrest on that charge," as due process requires (*People v Outley*, 80 NY2d at 713; *see People v Powell*, 55 AD3d 632, 634-635 [2008]; *People v Green*, 45 AD3d 780 [2007]; *People v Rivera*, 32 AD3d 446 [2006]; *People v Leslie*, 198 AD2d 233 [1993]).

Accordingly, we reverse the judgment, vacate the sentence,

and remit the matter to the Supreme Court, Nassau County, first, to either impose the negotiated sentence or to give the defendant the opportunity to withdraw his plea. In the event that the Supreme Court exercises its discretion to afford the defendant an opportunity to withdraw his plea, and the defendant declines to do so, an inquiry should be conducted, and a determination made, in accordance with *People v Outley* (80 NY2d at 713), as to the validity of the defendant's postplea arrest, and the defendant should be resentenced thereafter. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.