Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered September 6, 2012, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is modified, on the law, by vacat *824 ing the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
The Supreme Court imposed an enhanced sentence on the ground that the defendant appeared several hours late at his original sentencing proceeding. The transcript of the plea proceeding does not indicate that the defendant was given any instructions as to what time he was to appear for sentencing; rather, he was told that he must “com[e] to court on the sentence date.” Under these circumstances, the imposition of an enhanced sentence, without affording the defendant an opportunity to withdraw his plea of guilty, was error (see People v Muhammad, 47 AD3d 951 [2008]; People v Brothers, 20 AD3d 486 [2005]; People v Santiago, 288 AD2d 404 [2001]; People v Rutigliano, 278 AD2d 258 [2000]). However, in light of the defendant’s request on appeal for a reduction of the sentence to the term initially promised, rather than an opportunity to withdraw his plea, and the prosecution’s acquiescence in such a remedy, the defendant should be resentenced in accordance with the terms of the plea agreement (see People v Curcio, 276 AD2d 639, 640 [2000]; People v Milo, 235 AD2d 552, 553 [1997]). Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.