■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS COSTA, Appellant. [47 NYS3d 398]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Camacho, J.), rendered December 4, 2014, convicting him of leaving the scene of an accident resulting in death, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that statements that he made to the

police should have been suppressed because his attorney was ineffective in permitting him to give those statements. This contention is without merit. Even assuming, without deciding, that the right to effective assistance of counsel attached before the defendant made the subject statements and that suppression is the appropriate remedy where a statement is given as the result of ineffective assistance of counsel, the defendant failed to demonstrate "the absence of strategic or other legitimate explanations for counsel's [alleged shortcomings]" (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Barboni*, 21 NY3d 393, 407 [2013]; *People v Carncross*, 14 NY3d 319, 331 [2010]).

The defendant also contends that he was entitled to specific performance of a plea agreement that was vacated by the County Court after it determined that the original sentencing promise was inappropriate in view of the presentence report. Contrary to the People's contention, the preservation doctrine does not preclude the defendant from raising this issue on appeal (*see generally People v Williams*, 27 NY3d 212, 214 [2016]). However, since the court stated on the record sufficient reasons why it would not impose the original sentencing promise, and since the defendant does not contend that he detrimentally relied upon the original sentencing promise, he was not entitled to specific performance of the original plea agreement (*see People v Schultz*, 73 NY2d 757, 758 [1988]; *People v Bregel*, 88 AD3d 737, 737 [2011]; *People v Johnson*, 78 AD3d 965, 966 [2010]; *People v Barahona*, 51 AD3d 682, 682 [2008]; *People v Brunjes*, 14 AD3d 619, 619 [2005]; *People v Rubendall*, 4 AD3d 13, 19 [2004]; *cf. People v Matyjewicz*, 80 AD3d 779, 780 [2011]). Chambers, J.P., Hall, Miller and Connolly, JJ., concur.