The People of the State of New York, Respondent, 
against
Jennifer Montano, Appellant.




Appellate Advocates (Anna Kou of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Richmond County (Mario F. Mattei, J. at pleas; Raymond Rodriguez, J., at sentencing), rendered April 21, 2015. The judgments convicted defendant, upon her pleas of guilty, of (1) criminal mischief in the fourth degree and disorderly conduct, and imposed sentence, and (2) criminal contempt in the second degree and disorderly conduct, and imposed sentence.




ORDERED that the judgment convicting defendant of criminal mischief in the fourth degree and disorderly conduct is modified, on the law, by vacating so much thereof as convicted defendant of criminal mischief in the fourth degree and the sentence imposed thereon, and dismissing so much of the accusatory instrument as charged that offense; as so modified, that judgment of conviction is affirmed; and it is further,
ORDERED that the judgment convicting defendant of criminal contempt in the second degree and disorderly conduct is modified, on the law, by vacating so much thereof as convicted defendant of criminal contempt in the second degree and the sentence imposed thereon, and dismissing so much of the accusatory instrument as charged that offense; as so modified, that judgment of conviction is affirmed.
On August 7, 2014, the People charged defendant, in a misdemeanor complaint, with two counts of criminal mischief in the fourth degree (Penal Law § 145.00 [1]), and assault in the third degree (Penal Law § 120.00 [2]). On August 8, 2014, an order of protection issued on behalf of the victims. On September 2, 2014, defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) for violating the order of protection.
On September 23, 2014, before Judge Mario F. Mattei, pursuant to a combined plea and sentencing agreement, defendant pleaded guilty to one count of criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and disorderly conduct in satisfaction of the first accusatory instrument, and, in a subsequent proceeding, pursuant to the same agreement, defendant pleaded guilty to criminal contempt in the second degree, and to disorderly conduct, an added charge, in satisfaction of the second accusatory instrument. The plea and sentencing agreement also [*2]provided that, upon the successful completion of a mental health program, the misdemeanor convictions would be vacated and those charges dismissed, and defendant would be sentenced to a conditional discharge on both disorderly conduct convictions. The trial court expressly conditioned the dismissal of the misdemeanor charges, and the promised sentences, upon defendant's satisfactory participation in a mental health program; otherwise, defendant would be sentenced to a year's incarceration on each misdemeanor conviction. The court made no reference to the possibility of enhanced sentences on the disorderly conduct convictions.
On January 26, 2015, defendant was indicted for manslaughter in the second degree (Penal Law § 125.15 [1]), vehicular manslaughter in the second degree (Penal Law § 125.12 [1]), driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and reckless driving (Vehicle and Traffic Law § 1212). The indictment alleged, among other things, that, on December 22, 2014, defendant, while driving while intoxicated, and operating her vehicle above the posted speed limit and otherwise in a reckless manner, had run a red light and struck another vehicle that had been proceeding in the perpendicular direction under a "steady green light." The accident resulted in the death of the operator of the other vehicle.
On May 19, 2015, defendant appeared before the Criminal Court (Raymond Rodriguez, J.) for sentencing. Aware that defendant had completed the mental health program, but citing defendant's subsequent arrest, the court, over defendant's objection that she had satisfied the only condition imposed by Judge Mattei for the bargained-for sentences, sentenced defendant to six months' incarceration on each of the misdemeanor convictions, and to 15 days' incarceration on each of the disorderly conduct convictions, all sentences to run concurrently, without offering defendant the option to withdraw her pleas. On appeal, defendant argues that the enhanced sentences violated her due process rights. As she has satisfied the only condition imposed by Judge Mattei, she asserts that she is entitled to the vacatur of her pleas to the misdemeanor charges and dismissal of those charges, and, as she has served her sentences, both accusatory instruments should be dismissed.
A trial court "retains discretion in fixing an appropriate sentence up until the time of the sentencing" (People v Schultz, 73 NY2d 757, 758 [1988]). Upon proper grounds, a court may legitimately refuse to adhere to the sentencing terms of a plea and sentencing agreement (see People v Bregel, 88 AD3d 737, 737 [2011]) and impose an enhanced sentence, but only where the defendant has first been afforded the opportunity to withdraw the plea (see e.g. People v Sokolowski, 113 AD3d 702, 703 [2014]; People v Newson, 81 AD3d 984, 985 [2011]; People v Muhammad, 47 AD3d 951, 952 [2008]; People v Stewart, 32 AD3d 403 [2006]). Although defendant had satisfied the only express sentencing condition imposed by the court when accepting the guilty pleas, in light of defendant's subsequent arrest for serious offenses, the sentencing court properly rejected defendant's demand for specific performance of the plea and sentencing agreement (see People v Costa, 147 AD3d 970, 971 [2017]). However, it was error for the court to impose an enhanced sentence without offering defendant the option of withdrawing her pleas. Given that defendant has served the enhanced sentences on all of the convictions, and, on the appeal, seeks only specific performance of the plea and sentencing agreement, under the circumstances, vacating the pleas and remitting the matter for all further proceedings on all of the charges would be inappropriate.
Accordingly, the judgment convicting defendant of criminal mischief in the fourth degree and disorderly conduct is modified by vacating so much thereof as convicted defendant of criminal mischief in the fourth degree and the sentence imposed thereon, and dismissing so much of the accusatory instrument as charged that offense. The judgment convicting defendant of criminal contempt in the second degree and disorderly conduct is modified by vacating so much thereof as convicted defendant of criminal contempt in the second degree and the sentence imposed thereon, and dismissing so much of the accusatory instrument as charged that offense.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2018