People v Diaz (2018 NY Slip Op 05863)





People v Diaz


2018 NY Slip Op 05863


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-11796
2016-11797

[*1]The People of the State of New York, respondent,
v
Brian Diaz, appellant. (S.C.I. Nos. 15-00831, 15-00833)


Marianne Karas, Thornwood, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (John J. Carmody and Raffaelina Gianfrancesco of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two amended judgments of the Supreme Court, Westchester County (Susan Cacace, J.), both rendered October 11, 2016, revoking sentences of probation previously imposed by the same court, upon a finding that he violated conditions thereof, upon his admissions, and imposing sentences of imprisonment upon his previous convictions of sexual abuse in the first degree under Superior Court Information No. 15-00831 and disseminating indecent material to minors in the first degree under Superior Court Information No. 15-00833.
ORDERED that the amended judgments are affirmed.
The defendant did not appeal from the original judgments convicting him, upon his pleas of guilty, of sexual abuse in the first degree and disseminating indecent material to minors in the first degree. On these appeals from the amended judgments, the defendant is foreclosed from challenging the propriety of the original judgments, including, inter alia, his claims as to the validity of his pleas of guilty and the effectiveness of his counsel (see People v Hazel, 145 AD3d 797, 798; People v Sansone, 65 AD3d 636, 637; People v Trias, 50 AD3d 828).
Although, contrary to the defendant's contention, he validly waived his right to appeal from the amended judgments (see People v Sanders, 25 NY3d 337, 341-342; People v Brown, 122 AD3d 133, 142), the waiver does not preclude appellate review of his contention that the Supreme Court improperly failed to warn him that his sentences of probation could be revoked and sentences of imprisonment imposed if he violated conditions of his probation (see People v Gregory, 140 AD3d 1088, 1089; People v Muhammad, 47 AD3d 951, 952). However, the contention is unpreserved for appellate review inasmuch as he failed to object to the sentences of imprisonment or to move to withdraw his admissions to the probation violations or vacate the amended judgments on this ground (see People v Blake, 126 AD3d 1375; People v Alvarez, 26 AD3d 442). In any event, the defendant's contention is without merit. The record establishes that the defendant was specifically advised that if he violated the conditions of his probation, his sentences of probation would be revoked and he would receive the sentences that he ultimately received (cf. People v Sokolowski, 113 AD3d 702, 703; People v Blades, 110 AD3d 823, 824; People v Muhammad, 47 AD3d at 952).
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court